[Coleman v. Chambers.]

# Coleman *v.* Chambers.

## *Statutory Interpleader.*

1. *Interpleader in suit at law; when allowed under the statute.* Before there can be an interpleader in a suit at law under the statute, (Code, § 2633), the facts must be such as would enable the original defendant to maintain a bill of interpleader in a court of equity against the plaintiff and the substituted defendant.

2. *Same; same; case at bar.*—In an action brought to recover the price of timber sold by plaintiff to defendant, where the party sued makes an affidavit provided by the statute, (Code, § 2633), and pays the money sued for into court and asks that the person named in his affidavit be substituted as party defendant, and in his claim as propounded the substituted defendant claims to be the owner of the land from which the timber sold by plaintiff to the original defendant, was cut and also of said timber, and that it was converted by the plaintiff, there is disclosed a state of facts that will not authorize an interpleader under the statute, and a demurrer to the claim of the substituted defendant on such ground is properly sustained.

3. *Same; demurrer to claim; when properly filed.*—In an action for the recovery of the purchase price of personal property, where the party sued seeks to enforce a statutory interpleader, and after the required affidavit is made and a prayer for an order requiring the claimant on notice to come in and defend, and the recovery sued for is deposited in court by the defendant, in accordance with the statute, (Code, § 2633), the claimant appears to defend the suit, the court is bound to make the order of substitution, and it is not a waiver by the plaintiff of all right to demurrer to the claim propounded by the substituted defendant, that he interposed no objection to such substitution.

4. *Same; proper judgment in such suit.*—In a suit at law, where an interpleader under the statute, (Code, § 2633), has been enforced, upon the issues being found in favor of the plaintiff, the court should render judgment for the plaintiff, for the money which has been deposited in court by the original defendant, and judgment against the substituted defendant for the costs of the suit.

[Coleman v. Chambers.]

Appeal from the Circuit Court of St. Clair.

Tried before the Hon. John Pelham.

The original action in this case was brought by the appellee, J. T. Chambers, against the Lathrop-Hatton Lumber Company; and sought to recover an amount agreed to be paid by the defendant to the plaintiff for timber furnished by the plaintiff to the defendant. The Lathrop-Hatton Lumber Company made an affidavit as required by section 2633 of the Code of 1896, in which it stated that the appellant, James R. Coleman, who was not a party to the suit, claimed to own the lands from which the timber was sold by the plaintiff to the defendant was taken, and claimed the money in the hands of said company. The said Lathrop-Hatton Lumber Company, at the time of making said affidavit, paid the money sued for into court, and asked that said Coleman be substituted as party defendant. Proper notice was given to Coleman, and on a subsequent day Coleman appeared in court and filed his claim in the circuit court, in which he alleged that the original suit was brought to recover the price of timber converted by the Lathrop-Hatton Lumber Company, which was delivered by plaintiff to said company, that the lands from which such timber was taken (specifically describing them), was the property of said James R. Coleman, the substituted defendant, and had been, prior to the time such timber was cut therefrom, in his possession and under his control, and that said timber was the property of the substituted defendant, and that, therefore, the indebtedness from the Lathrop-Hatton Lumber Company to the defendant, being under a contract for the payment of money for said timber, the substituted defendant claimed the money deposited in court. To this claim so propounded by Coleman, the plaintiff demurred upon several grounds, stating in various ways that the facts set up in the claim for the substituted defendant was such as would not authorize him to be substituted as defendant for the original defendant, and that said claim as propounded, fails to show any right to the particular money in controversy, but shows that if the substituted defendant had any right or claim, it was a cause of

[Coleman v. Chambers.]

action *ex delicto* and not *ex contractu.* This demurrer was sustained, and thereupon the substituted defendant declining to plead further, issue was joined. The plaintiff introduced evidence showing that the original defendant was indebted to him in the amount of money paid into court for timber sold by him to it. The defendant introduced no evidence. The court gave the general affirmative charge in favor of the plaintiff, and refused to give the general affirmative charge requested by the substituted defendant. To each of these rulings the substituted defendant duly excepted.

There were verdict and judgment for the plaintiff. The judgment entry, after reciting the rulings upon the demurrers to the portion of the verdict of the jury in favor of the plaintiff, then continued as follows: "It is therefore considered by the court that the plaintiff recover judgment against the substituted defendant for the said sum of forty-three and 92-100 dollars, so assessed, together with the costs of suit, and for which let execution issue. It is further ordered that the substituted defendant have 60 days in which to prepare and have signed a bill of exceptions to the Supreme Court." The substituted defendant appeals, and assigns as error the sustaining of the demurrers to his claim as propounded, and the rulings of the court in giving and refusing the respective charges asked by plaintiff and defendant and the judgment as rendered.

INZER & GREENE, for appellants.

No counsel marked as appearing for appellee.

DOWDELL, J.—Section 2144 of the Code of 1852, which is substantially the same as section 2633 of the present Code, at least, in so far as the question here involved is concerned, received a construction by this court in the case of *Nelson v. Goree's Admr.,* 34 Ala. 574. In *Nelson's Case,* this court cites approvingly the case of *Sherman v. Partridge,* 11 How. Pr. Rep. 154, in which latter case the New York statute, which is substantially the same as ours, was construed by the New York court. The claim of the party offered to be substituted as de-

[Coleman v. Chambers.]

fendant, to the debt or money in controversy in the case of *Sherman v. Partridge,* was based upon a state of facts strikingly similar to the case at bar, and, indeed, in principle there is no distinction. In that case, as in the case before us, the plaintiff's suit was for the contract price of goods sold the defendant. There the logwood sold to the defendant was claimed by the claimant, the party offered to be substituted, as his property, and it was further claimed that Searle, who sold the same to the defendant, had no title or right to, and no authority to sell, or in other words that Searle was a conversioner. Here the timber sold by plaintiff to the defendant is claimed by Coleman, the substituted defendant, and it is further claimed that it was converted by the plaintiff. In that case the plaintiff, it is true, was a transferee of the debt or demand sued upon, and an express promise was made to him by the defendant, at the time plaintiff purchased the debt from Searle, to pay plaintiff. But the court does not rest its decision alone upon this state of facts, and says: "Nor is it only upon the ground that has been stated that I must refuse, by substituting Delafield, to discharge the defendants. Had this action been brought by Searle himself, or by the plaintiffs merely as assignees, I must still have said that the facts do not exhibit a case for an interpleader under a just construction of the Code. The plaintiffs seek to recover a debt arising upon contract; but Delafield is not a 'third person, nor a party to the suit making a demand for the same debt,' as the words of the Code require him to be, to justify an order for his substitution. As he denies that Searle had any authority to make the sale, his demand as owner is for the logwood itself, or its value, which may be greater or less than the price agreed to be paid; and at any rate, is not a debt, of which, as such, he may compel the payment." This case was again cited approvingly by this court in the case of *Johnson v. Maxey,* 43 Ala. 521. In all of the cases construing this statute or similar statutes, in the substitution of the so-called claimant as defendant, the test seems to be, whether or not the party sued could upon the same state of facts maintain his bill of inter-

pleader in a court of equity. In *Johnson v. Maxey*, *supra*, page 541, it was said by this court, quoting from *Sherman v. Partridge, et al.*: "In that case, the court says: 'The provisions of the Code, like those of the English statutes, were certainly not designed to introduce new cases of interpleader, but merely to enable defendants, in cases where an interpleader is proper, to relieve themselves, by a summary proceeding, from the delays and expense of a formal action.' We think this should be held to be the construction of said section 2540." Section 2540 of the Code of 1867, was then under consideration, and is substantially the same as section 2633 of the present Code.

On the state of facts presented in the claim propounded by Coleman, the substituted defendant in the case at bar, we think it perfectly clear that the original defendant could not have maintained his bill of interpleader. The facts stated in the propounded claim of the substituted defendant, must necessarily be the facts upon which the original defendant would rest his bill of interpleader. By these facts it is shown that the original defendant was a joint tort-feasor with the plaintiff in the conversion of the claimant's property. In law he was a wrong-doer, and would be met at the very threshold of a court of equity with one of its cardinal rules—"he that would come into a court of equity, must come with clean hands." The complainant in a bill of interpleader must not only be a party disinterested in the subject-matter of the litigation, but must also be free from wrong, or as is commonly said, he must be an innocent stakeholder.

But it is here insisted, that after Coleman was substituted as defendant without objection from the plaintiff, the plaintiff waived all right to demur to the claim propounded by Coleman. This contention, we think, is without merit and unsupported in reason. By the provisions of this statute, when the required affidavit is made and a prayer for an order requiring the claimant on notice to come in and defend, and the money is deposited in court by the defendant, which was done in this case, the party suggested as claimant may volun-

[Coleman v. Chambers.]

tarily appear and defend, or failing to do so, may be brought in by appropriate proceedings pointed out in the statute, and by order of the court be substituted as defendant. The statute is wholly silent as to what form of pleadings are to be had, or what issues to be made up, after the new defendant has been substituted. It is manifest, that when the requisite affidavit has been made, accompanied with the proper prayer for order for the claimant to come in and defend, and the money deposited in court, and the claimant voluntarily appears to defend, as was the case here, the court was bound to make the order of substitution of the new, and the discharge of the old defendant. The court could not pass upon the relative rights of the plaintiff and claimant until they were in some manner before the court as parties. It is difficult to understand how or upon what ground the plaintiff could object to the order of substitution of the new defendant after the filing of the statutory affidavit and prayer for order accompanied with the deposit of the money in court. In *Johnson v. Maxey, supra,* it was said by this court: "It was the duty of said substituted defendant, when he came into court as aforesaid, and for the purpose aforesaid, to have propounded his claim to the money so deposited to the court, in writing, by setting it forth with such certainty and fullness, with all necessary averments, so that the plaintiff might know in what it consisted and be enabled to plead to, or answer it, as he might be advised." The practice here indicated, and which we approve, was followed in the present case. The plaintiff as soon as the substituted defendant propounded his claim in writing pleaded to the same by demurring to it, and the demurrer was heard and sustained by the court, and properly so, for the reason we have herein-above stated. The substituted defendant declining to further plead, the record recites that thereupon on issue joined the cause was submitted to the jury. It does not appear from the record what the issue was. The only evidence offered was that of the plaintiff, and on his evidence as set forth in the bill of exceptions, he was entitled to the general charge which was given by the court. When the substi-

tuted defendant declined to further plead after the ruling on the demurrer, the court might have then rendered judgment for the plaintiff for the money which had been deposited in court by the original defendant, and this was the proper and the only judgment to be rendered, except the judgment as to costs. The money being in court, the judgment against the substituted defendant, awarding execution against him for the recovery of the money, was erroneous. This error, however, does not call for a reversal and remandment of the cause, as the judgment may be here corrected. The judgment will be here corrected ordering the money on deposit in the court to be paid over to the plaintiff, and further taxing the substituted defendant with the costs with execution to issue for its recovery.

The judgment as corrected will be affirmed.

Affirmed.