# H. C. Schrader Co. *v.* A. Z. Bailey Groc. Co.

### Claim Suit.

(Decided January 30, 1917. Rehearing denied April 3, 1917. 74 South. 749.)

1. **Appearance; Interpleader.**—An appearance is not voluntary when made by one after order substituting him as defendant over his objection that it was not a case for interpleader. (§ 6050, Code 1907.)

2. **Appeal and Error; Review; Waiver.**—One who is substituted as a defendant over his objection, he persistently insisting that it was not a case for interpleader, has a right to review the order.

3. **Interpleader; Right to; Bank Collecting Draft.**—Where a draft with bill of lading attached had been forwarded to a bank for collection, and the draft had been paid to the bank, the bank was under duty to remit, and so breached its duty when it retained the money at the request of the drawee, accompanied by statement of defects in the goods shipped, for the price of which the draft was drawn; the bank being under no duty to make the contract good had no right to interplead the drawer or the forwarding bank when sued for the money by the drawee.

4. **Same.**—One interpleaded as a defendant under § 6050, Code 1907, has the right to plead the facts constituting its claim, and should not be limited to a statement that it claimed the money deposited in court.

5. **Appeal and Error; Harmless Error; Pleading.**—Where a claimant was allowed to fully present his theory of the facts on the trial, the error in limiting his pleading of his claim to a general statement was harmless.

6. **Sales; Action for Price; Condition Precedent.**—Where the contract was to deliver good merchantable oranges, the obligation of the seller was not a collateral obligation, but a condition precedent to the right to sue for the price; but this obligation was waived by an acceptance of the shipment and payment after inspection, although done on the unauthorized assurance of the brokers who made the sale that the seller would adjust the matter.

7. **Interpleader; Right to Object.**—The filing of the affidavit by the original defender requisite to the court's jurisdiction to require interpleader under § 6050, Code 1907, is not conclusive of the right to require interpleader; the third person sought to be substituted having the right to object that it is not a proper case for interpleader.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by the A. Z. Bailey Grocery Company begun against the Commercial Savings Bank & Trust Company, with affidavit on the part of defendant and payment of money into court, showing that the money was claimed by the H. C. Schrader Company, and the Heard National Bank of Jacksonville. Judgment for plaintiff as against the substituted defendants, and one of them appeals. Reversed and remanded.

G. O. CHENAULT, for appellant.    E. W. GODBEY, for appellee.

BROWN, J.—The A. Z. Bailey Grocery Company, the appellee, commenced this action against the Commercial Savings Bank & Trust Company for breach of contract, and for money had and received on the 9th day of December, 1912. The Bank & Trust Company, on the 10th day of January, 1913, filed an affidavit alleging, "that on November 29, 1912, they [it] received a draft from the Heard National Bank of Jacksonville, Florida, drawn by H. C. Schrader & Co. on A. Z. Bailey Grocery Company for the sum of $396.00, which sum of $396.00 was paid this defendant by the said A. Z. Bailey Grocery Company, to wit, November 29th, 1912. Shortly after this time this defendant was notified by A. Z. Bailey Grocery Company to hold said money, stating that the carload of oranges, which was the consideration of the above set forth draft, was defective and unfit for market," and that the Heard National Bank and H. C. Schrader & Co., of Jacksonville, Florida, without collusion with it, claimed the money in custody, which was deposited with the clerk of the court with the affidavit, and, under the provisions of section 6050 of the Code, prayed that notice issue to the Heard National Bank and H. C. Schrader & Co., that they be substituted as defendants and be compelled to litigate with the plaintiff as to the ownership of the money paid into court, and that it (the bank) be discharged from liability.

(1, 2) It being shown that the alleged claimants were both nonresident, notice by publication was made; and, so far as appears from the record, the Heard National Bank interposed no objection to being substituted as a defendant. The appellant, Schrader Company, however, protested, insisting that the case was not one for interpleader, and over its objection was, with

the Heard National Bank, substituted as a defendant in lieu of the Commercial Savings Bank & Trust Company. After the order of substitution, the record shows that the Heard National Bank appeared, but seems to have propounded no claim to the money paid into court, but Schrader Company propounded a claim to the fund and litigated the question; and at the conclusion of the evidence, the court, at the request of the plaintiff, gave the affirmative charge in its favor. The appellee contends that this constitutes a voluntary appearance by the Schrader Company, and that it cannot, on this appeal, question the propriety of the order substituting it as a defendant.

The uniform holding is that the purpose of the statute (Code 1907, § 6050) is to afford a defendant, against whom an action is pending upon a contract for the payment of money, where one not a party to the suit claims this money, a simple remedy to be relieved of liability by bringing the claimants together and compelling them to litigate, and "is a short method for accomplishing the purposes of a bill of interpleader in equity, and applies only when the facts would authorize a resort to a bill of interpleader in equity."—*Davis v. Douglass,* 12 Ala. App. 581, 68 South. 528; *Stewart v. Sample,* 168 Ala. 270, 53 South. 182; *Coleman v. Chambers,* 127 Ala. 615, 29 South. 58.

After the issuance of notice to the alleged claimant as provided by the statute, the court is authorized to determine whether the case presented is one for interpleader; and, if so, to substitute the suggested claimant in lieu of the original defendant.—*Stewart v. Sample, supra.* The effect of this order, if the statute has any force at all, is to compel the substituted defendant and the plaintiff to litigate between themselves as to the right in the money paid into court. The money, when paid into court, is in custodia legis, and the suit partakes of the nature of a proceeding in rem; and the judgment is not only conclusive as between the adverse claimants to the funds, but also of their right to further pursue the original defendant.—*Johnson v. Maxey,* 43 Ala. 521; *McNamara v. Provident Sav. Life Assur. Soc.,* 114 Fed. 910, 52 C. C. A. 530; *Ford v. Dilly,* 5 B. & Sd. 885, 2 N. & M. 662, 27 E. C. L. 372; *Washington L. Ins. Co. v. Laurence,* 28 How. Prac. (N. Y.) 435. The appearance of the appellant was therefore involuntary; and by persistently insisting that the case was not one for interpleader, it saved the right to have the order reviewed on appeal.—*Evans Marble Co. v. McDonald,* 142 Ala. 130, 37

South. 830; *Ashby Brick Co. v. Ely & Walker Dry Goods Co.,* 151 Ala. 272, 44 South. 96.

(3) Testing the right of the original defendant to interplead by the facts stated in the affidavit, it was the agent of the drawer of the draft to collect the draft and without unreasonable delay remit the proceeds to the forwarding bank; and by complying with this duty before service of legal process, it would be relieved of liability. By accepting the draft with bill of lading attached for collection as the agent of the forwarding bank, it did not assume to perform the contract nor warrant the quantity or quality of the goods purchased by Bailey Grocery Company.— *Cosmos Cotton Co. v. First National Bank of Birmingham,* 171 Ala. 392, 54 South. 621, 32 L. R. A. (N. S.) 1173, Ann. Cas. 1913B, 42, distinguishing, if not in effect overruling, *Haas v. Citizens' Bank,* 144 Ala. 562, 39 South. 129, 1 L. R. A. (N. S.) 242, 113 Am. St. Rep. 61.

Being under no duty to perform the contract of sale, after the payment of the draft it had no right to withhold the remittance of the proceeds of the draft at the plaintiff's request, and in doing so breached a duty which it owed the drawer of the draft, if, in fact, it was not guilty of a conversion of the proceeds of the draft.

It is essential to the right to require others to interplead in a pending action that the original defendant occupy the position of a disinterested stakeholder; and it should appear that he is ignorant of the rights of the parties upon whom he calls to interplead, or, at least, that there is a doubt as to which claimant the debt belongs so that he cannot safely pay to one without risk to the other.—*Crass v. Memphis & C. R. R. Co.,* 96 Ala. 447, 11 South. 480. And where it appears that the original defendant is a wrongdoer as to either of the claimants, his right to require interpleader does not exist.—*Conley v. Ala. Gold Life Ins. Co.,* 67 Ala. 472; *Coleman v. Chambers, supra.*

The original defendant, by disclaiming any interest in the debt and paying the money into court, conclusively refuted the fact that it was the transferee and owner of the debt. This is the fact that distinguishes the case of *Haas v. Citizens' Bank, supra,* from this case, and *Cosmos Cotton Co. v. First National Bank of Birmingham, supra.*

The affidavit showing on its face that the original defendant was not entitled to require the appellant to interplead, the court

[H. C. Schrader Co. v. A. Z. Bailey Groc. Co.]

erred in substituting the appellant as a defendant, and requiring it to interplead over its protest.—*Stewart v. Sample, supra.*

(4, 5) In *Johnson v. Maxey, supra,* the court held that a claimant who is brought into court under the statute (Code 1907, § 6050) must propound his claim with such certainty and fullness that the plaintiff may know in what his claim consists, and be enabled to plead to it as he may be advised; and that case was cited with approval in *Coleman v. Chambers, supra.* Under the ruling in *Johnson v. Maxey,* the substituted defendant had the right to state the facts in propounding its claim upon which its claim was rested, limited by the rule that: "All pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or matter to be put in issue, in an intelligible form."— Code 1907, § 5321.

The court, therefore, erred in striking the plea or claim of appellant as amended, and in limiting its claim to the statement that it claimed the money on deposit in court. However, under this claim the appellant was allowed to fully present its theory of the facts, and the error appears to be without injury.

(6) The contract between the appellant and plaintiff was made through W. L. Lyle, a broker, and was for the sale of "1 carload of good Florida merchantable oranges," containing 300 boxes "packed in standard boxes at $2.10 per box delivered Decatur, Alabama;" and it was stipulated that the oranges were to be shipped on or as near as possible the date directed by the purchaser. The seller caused a carload of oranges to be shipped, containing the required number of boxes, and made draft on the purchaser with bill of lading attached, accompanied by instructions to allow inspection by the purchaser. The undisputed evidence shows that the car of oranges arrived in advance of the draft, and that the plaintiff, before paying the draft, inspected the oranges and found that they were in bad condition, some of the evidence showing that from 25 per cent. of the oranges upward were not merchantable, in fact, mushy rotten. The plaintiff, with knowledge of these facts, unloaded the oranges and paid the draft.

There is no pretense of fraud in the case; but the evidence tends to show that the door of the car was partly open, and that the oranges were packed and shipped in damp, cold weather, and that the condition of the oranges was possibly the result of the concurring negligence of the shipper and the carrier.

[H. C. Schrader Co. v. A. Z. Bailey Groc. Co.]

The plaintiff contends, and offered some evidence to sustain the contention, that before unloading the car, its president called Lyle, the broker, and Lyle advised it to accept the car, and gave the assurance that the seller would adjust the difference resulting from the defects in the shipment. However, the undisputed evidence shows that Lyle had no authority to bind the seller; that his relation to the transaction was that of broker; and that he was as much the agent of the purchaser as the seller.

The undisputed evidence showing that some of the oranges were not "good merchantable" oranges,, the purchaser was under no obligation to accept the shipment. The seller undertook to deliver at Decatur one carload of good merchantable oranges, and by tendering the car laden in part with oranges that were not good merchantable oranges it breached its contract. "When the vendor sells an article by a particular description, it is a condition to his right of action that the thing which he offers to deliver, or has been delivered, should answer the description."—Benj. on Sales (17th Ed.) § 600.

The obligation imposed on the seller to deliver "good merchantable oranges" was therefore not a collateral obligation—a warranty—but a condition precedent to the seller's right to sue for the price.—Benj. on Sales, § 645. "The maxim of the common-law, caveat emptor, is the general rule applicable to sales, so far as quality is concerned. The buyer (in the absence of fraud) purchases at his risk, unless the seller has given an express warranty, or unless a warranty be implied from the nature and circumstances of the sale. * * * So far as ascertained specific chattels already existing, and which the buyer has inspected, is concerned, the rule of caveat emptor admits of no exception by implied warranty of quality."—Benj. on Sales, § 644.

There is no pretense that the seller was guilty of fraud; and there is no express collateral obligation that the oranges tendered were of the quality described in the contract; and the right of inspection which was fully exercised by the purchaser in this case before paying the draft excludes the idea of implied warranty as to quality. By accepting the shipmnt after inspection, the purchaser in this case waived noncompliance on the part of the seller, and in lieu thereof accepted the assurance of Lyle that the seller would adjust the matter. On the undisputed evidence Lyle was without authority to bind the seller, and though his assurance of

[H. C. Schrader Co. v. A. Z. Bailey Groc. Co.]

adjustment afforded the purchaser no indemnity, it could not hinder appellant's recovery.

The appellant, and not appellee, was entitled to the affirmative charge.

Reversed and remanded.

## ON REHEARING.

BROWN, P. J.— (7) While the filing of the affidavit provided for in section 6050 of the Code is essential to the court's jurisdiction to entertain or require interpleader, the filing of such affidavit is not conclusive of the right to require interpleader. In one of the cases cited in the original opinion the Supreme Court held: "Evidently objection may be made to the granting of the order of interpleader at the time the motion is acted on. When the affidavit is filed, if it shows, upon its face, that it is not a case for interpleader, the plaintiff may present to the court any reasons which he may desire to present, to show to the court that it is not a proper case for interpleader; and, if the court so holds, it should refuse then to grant the order, notifying the substituted defendant to come in and propound his claim; but, inasmuch as the statute does not require the defendant to set out the facts, on which he claims the right to interpleader, the plaintiff must have an opportunity to present the point that it is not a case for interpleader, when the facts are made known. Therefore this court properly held that the plaintiff could demur to the claim propounded by the substituted defendant" and in this way raise the question as to whether the case was one for interpleader.—*Stewart v. Sample,* 168 Ala. 276, 53 South. 182; *Coleman v. Chambers,* 127 Ala. 615, 29 South. 58.

It would be an anomaly in judicial procedure to hold that the plaintiff may object to the interpleader, and in the same breath hold that the third party who is to be brought in and substituted for the defendant has no such right, and unless the plaintiff objects the right of the third party against the original defendant will be foreclosed. Such a holding would open a door to fraud and collusion through which the plaintiff and the original defendant could compel the innocent third party to litigate when and where they might determine, without right of objection or review; and the doctrine that if the defendant who invokes interpleader has incurred an "independent liability to either of the

claimants," and does not "stand perfectly indifferent between them," he cannot compel interpleader (*Stewart v. Sample, supra*), would be futile. Suppose the original defendant has incurred an independent liability to the third party suggested as claimant; can he defeat that independent liability by interpleader? No. Yet, if the third party can be compelled to come in and litigate without the right to question the right of the original defendant to require interpleader, the judgment will conclude his right against the original defendant.

The case of *Frith & Co. v. Hollan*, 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54, seems to have been a sale by description, without inspection, the goods being shipped at the purchaser's request, and when the goods were delivered to the carrier at the initial point of shipment the title passed from the seller to the purchaser.—*McCormick v. Joseph*, 77 Ala. 240; *Robinson v. Pogue*, 86 Ala. 261, 5 South. 685. And by receiving the goods when they reached their destination the purchaser deprived the seller of no right. In the case in hand the title to the oranges did not pass until after they were inspected and accepted by the Bailey Grocery Company, and, as we have said, the Bailey Grocery Company was under no obligation to accept them; yet it could not accept the oranges after inspection, in the absence of a stipulation in the contract for such contingency, and deprive the shipper of its property in them without liability for the contract price. The application is overruled.

Application overruled.