(77 South. 373)

## Ex parte A. Z. BAILEY GROCERY CO.
### (8 Div. 30.)

(Supreme Court of Alabama. June 28, 1917. On Rehearing, Dec. 20, 1917.)

1. CERTIORARI ⟨⟩64(1)—REVIEW OF OPINION OF COURT OF APPEALS—SCOPE.

On certiorari to review the opinion of the Court of Appeals in a case of interpleader, the Supreme Court will not look beyond the facts stated in the affidavit of the original defendant supporting its right to interplead and set out verbatim in the opinion of the Court of Appeals.

2. SALES ⟨⟩178(1) — RECEIPT AND ACCEPTANCE.

As there may be an acceptance of goods purchased without any actual receipt, so there may be a receipt without an acceptance, and so long as the buyer without self-contradiction can say that the goods have not been taken in fulfillment of the contract of sale, he has not accepted them.

3. SALES ⟨⟩284(1, 2)—DEFECTS IN GOODS — BREACH OF CONDITION PRECEDENT.

So long as there is no acceptance of goods purchased such as will complete the execution of the contract of sale, the failure of the goods to conform to the description by which they were sold constitutes a breach of an implied condition precedent.

4. SALES ⟨⟩445(6)—ACCEPTANCE—WAIVER OF WARRANTY OR CONDITION PRECEDENT — QUESTION FOR JURY.

Though an acceptance of goods purchased as a complete, or at least a satisfactory, execution of the contract of sale, and so a waiver of a condition precedent or an implied warranty, may be inferred from the fact that the buyer has examined the goods when delivered, and has made no timely objection, if there is evi-

<hr/>

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dence tending to rebut the inference of such acceptance and waiver, the question is for the jury.

Anderson, C. J., and McClellan and Thomas, JJ., dissenting.

Certiorari to Court of Appeals.

Action by the A. Z. Bailey Grocery Company against the H. C. Schrader Company, substitute defendant. From judgment for plaintiff, defendant appealed to the Court of Appeals, which reversed and remanded (74 South. 749[1]), and plaintiff petitions for certiorari. Certiorari denied.

E. W. Godbey, of Decatur, for appellant. G. O. Chenault, of Albany, for appellee.

SAYRE, J. [1] This court holds that the opinion of the Court of Appeals (74 South. 749[1]) has correctly stated the law of interpleader under the Code. However, the Court of Appeals, making concrete application of its ascertained law to the case before it, tests the right of the original defendant to interplead, by the facts stated in the affidavit which it sets out in verbis in its opinion, and the writer, looking to the affidavit, but looking no further, because, in the first place, the method of review adopted by this court in such cases will not permit him to look further, and because, in the second place, the question appears to have been determined on the face of the affidavit, is unable to see that the interpleading bank was guilty of any wrong which should have been allowed to cut it off from an interpleader. It does not appear in the affidavit, so far as I can see, that the bank breached any duty it owed the drawer of the draft by withholding the remittance of its proceeds at the plaintiff's request. I would therefore award the writ.

In view of the conclusion reached by the Court of Appeals to the effect that the Schrader Company could not, over its objection, be brought into the case by interpleader, its determination on that ground to reverse the judgment of the trial court and the concurrence of a majority of this court, it may be suggested that what else the Court of Appeals had to say needs no consideration. But the Court of Appeals at the conclusion of its opinion said that the appellant, the Schrader Company, was entitled to the general affirmative charge. Considering the conclusion in connection with the statement by the Court of Appeals of the tendencies of the evidence on which it was based, a majority of this court, consisting of MAYFIELD, SOMERVILLE, GARDNER, and THOMAS, JJ., and the writer, is of the opinion that in this matter the Court of Appeals was in error, and that, in view of what will be the peculiar posture of the case on its return to the trial court, we, the majority last aforesaid, think the reasons for our opinion on this point should be briefly stated.

[2, 3] The Court of Appeals, after stating the evidence and its tendencies, says that, by accepting the shipment after inspection, the purchaser waived noncompliance on the part of the seller with his warranty, and in lieu thereof accepted the assurance of Lyle, the broker, that the seller would adjust the matter, and further, says the Court of Appeals:

"On the undisputed evidence, Lyle was without authority to bind the seller, and though his assurance of adjustment afforded the purchaser no indemnity, it could not hinder appellant's recovery."

It is true, of course, that if the purchaser accepted the rotten oranges as a compliance with the contract between himself and the seller, he could not recover the purchase money which he had paid to the bank. But the receipt of goods in a case of this sort does not necessarily amount to an acceptance. It must be borne in mind that, as there may be an acceptance without any actual receipt, so there may be a receipt without an acceptance, and that, so long as the buyer can, without self-contradiction, say that the goods have not been taken in fulfillment of the contract of sale, he has not accepted them (Benjamin on Sales [7th Ed.] pp. 140, 736, 737), and so long as there is no acceptance of the goods, such as will complete the execution of the contract of sale, the failure of the goods to conform to the description by which they are sold constitutes a breach of an implied condition precedent (Tiedeman on Sales, § 197; Benjamin on Sales, § 645). According to Prof. Wharton, where there has been a delivery, the condition precedent becomes a warranty by implication. He says (Whart. Contr. § 564):

"A substantial, though partial (defective) performance of a condition precedent, followed by acceptance on the other side, transmutes the condition precedent into a representation (implying warranty) not barring a suit on the contract, though leaving ground for a cross-action for damages."

In the case before us the plaintiff was suing to recover the money he had paid for rotten oranges, whereas he had contracted for good merchantable oranges. In McCaa v. Elam Drug Co., 114 Ala. 74, 86, 21 South. 479, 482 (62 Am. St. Rep. 88), this court said:

"A cause of action based upon the breach of the warranty is not the same as the cause of action founded upon the breach of the contract of sale itself. If the vendor does not deliver the article he undertook and agreed to furnish, he is guilty of a breach of his contract, and the purchaser need not receive it; or, if delivered and used, the purchaser may set up a breach of contract unless he has waived his right of action for the breach."

The method of the case just quoted differs from that of the authorities to which we have referred as dealing with the same subject, but in result it comes to the same thing. Now, in respect of the evidence of a waiver of the condition precedent or implied warranty—it is of little consequence what it

is called—we quote from the well-considered case of Morse v. Morse, 83 Me. 473, 22 Atl. 362, 13 L. R. A. 224, 23 Am. St. Rep. 783, as follows:

"The fact of acceptance [the court is here evidently using the word as the equivalent of 'receipt'], however, as a matter of evidence, may have great weight on the question of satisfactory or sufficient performance. In the first place, it raises considerable presumption that the article delivered actually corresponded with the agreement. In the next place, it is some evidence of a waiver of any defect of quality, even if the article did not so correspond; evidence of more or less force according to the circumstances of the case. If the goods be accepted without objection at the time or within a reasonable time afterwards, the evidence of waiver, unless explained, might be considered conclusive. But if, on the other hand, objection is made at the time, and the vendor notified of the defects, and the defects are material, the inference of waiver would be altogether repelled. But acceptance accompanied by silence is not necessarily a waiver. The law permits explanation, and seeks to know the circumstances which induced acceptance. It might be that the buyer was not competent to act upon his own judgment, or had no opportunity to do so, or declined to do so as a matter of expediency, placing his dependence mainly, as he has a right to do, upon the warranty of the seller. Upon this question the facts are generally for the jury, under the direction of the court."

[4] While an acceptance of goods as a complete, or at least a satisfactory, execution of a contract of sale, and so a waiver of a condition precedent or an implied warranty, may be inferred from the fact that the buyer has examined the goods when delivered, and has made no timely objection to them, still, we think, the opinion of the Court of Appeals shows on its face that there was evidence tending to rebut the inference of such acceptance and waiver, and hence that the question was one for the jury, assuming, for the purpose of this conclusion, that the cause had properly progressed to a point at which a decision of this question became necessary; this because there was evidence tending to show that the purchaser plaintiff did not intend to pay for rotten oranges, but paid the whole amount of the draft merely to get possession of such of the oranges as were merchantable, the fact that a large proportion of the oranges were wholly and obviously rotten, and his negotiation with the broker tending to show that this was his intention, and the weight and effect of these evidential facts were hardly at all affected by the consideration that the broker, as the Court of Appeals says, was not the agent of the seller. We presume this last-stated conclusion was reached via the theory that the broker's agency had been terminated by reason of the fact that the purchaser had accepted the oranges as in complete and satisfactory execution of the contract of sale; but, as we have already stated, plaintiff's alleged acceptance in the sort mentioned was a question of fact for the jury.

Certiorari denied.

### On Rehearing.

PER CURIAM. Denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., hold: That, on the conclusions of fact set down in the opinion of the Court of Appeals (Schrader Co. v. Bailey, 74 South. 751 [2]), that court correctly applied rules of law inviting the further holding that the Schrader Company was entitled to the general affirmative charge. Surely a buyer who inspects a shipment acquires thereby actual knowledge of the unsoundness of a material portion thereof, as the Bailey Grocery Company is affirmed, by the Court of Appeals, to have done, and then pays the draft drawn therefor, cannot recover what has been thus paid. Morse v. Moore, 83 Me. 473, 22 Atl. 362, 13 L. R. A. 224, 23 Am. St. Rep. 783, cited ante in the majority opinion, did not (among other differences) involve the factor of inspection (present in the cause at bar), as is plainly noted in the last headnote to that case, the recitals of which were justified by the statements to the same effect in the court's opinion on page 482 of 83 Me., 22 Atl. 365, 13 L. R. A. 224, 23 Am. St. Rep. 783, and in the general discussion of rules of law there applied. Our case of McCaa v. Elam Drug Co., 114 Ala. 74, 21 South. 479, 62 Am. St. Rep. 88, cited in the majority opinion, is not in the least opposed to anything said or ruled by the Court of Appeals in its opinion, in 15 Ala. App. 647, 74 South. 749–752.