(77 South. 961)

DISHMAN et al. v. GRIFFIS.   (7 Div. 416.)

(Court of Appeals of Alabama.   Feb. 5, 1918.)

1. SALES ⟨⟩270 — FITNESS — IMPLIED WARRANTY.

Upon the present and executed sale of a definite, ascertained, and existing chattel which is open to inspection of the buyer, and of which the seller is neither the manufacturer nor grower, no warranty as to quality, fitness, or condition is implied.

2. SALES ⟨⟩269 — RULE OF CAVEAT EMPTOR — APPLICABILITY.

In case of a present and executed sale by a seller who is neither the manufacturer nor grower of an ascertained and existing chattel open to the inspection of the buyer, if an express warranty is not given, and purchaser exercises without hindrance the right of inspection, the rule of caveat emptor applies.

3. SALES ⟨⟩270 — IMPLIED WARRANTY — INSPECTION.

The rule that in a present and executed sale of a definite chattel which is open to inspection, and of which the seller is neither the manufacturer nor the grower, there is no implied warranty as to the quality, fitness or condi-

tion, is not altered by the fact that inspection will consume time or is attended with labor and inconvenience.

4. SALES &#x6E25;270—UNQUALIFIED ACCEPTANCE —RECOVERY ON IMPLIED WARRANTY.

Where lumber was inspected and graded by the parties as provided by contract and accepted without objection, and a complete settlement made between the parties, there could be no recovery by the buyer on the theory of implied warranty.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Suit by A. Dishman and others against J. B. Griffis. From the judgment rendered, plaintiffs appeal. Affirmed.

Hugh Walker, of Anniston, for appellants. Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

BROWN, P. J. [1, 2] It is the well-settled and general rule of the common law, differing in this respect from the civil law, that upon the present and executed sale of a definite, ascertained, and existing chattel which is open to the inspection of the buyer, and of which the seller is neither the manufacturer nor the grower, no warranty whatever as to the quality, fitness, or condition is implied. In such cases, if an express warranty is not given, and the purchaser exercises without hindrance the right of inspection, the rule of the common law, caveat emptor, is without exception. Armstrong v. Bufford, 51 Ala. 410; Gachet v. Warren & Burch, 72 Ala. 288; Kingsbury v. Taylor, 29 Me. 508, 50 Am. Dec. 607; Mixer v. Coburn, 11 Metc. (Mass.) 559, 45 Am. Dec. 230, note 233; Moses v. Meade, 1 Denio (N. Y.) 378, 43 Am. Dec. 676, note 680; Kellogg Bridge Co. v. Hamilton, 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86; Schrader Co. v. Bailey Grocery Co., 15 Ala. App. 647, 74 South. 749; Springwell v. Allen, 2 East, 448; 2 Mechem on Sales, § 1311.

[3] The rule is not altered by the fact that the examination or inspection will consume time or is attended with labor and inconvenience. If the purchaser desires to avoid the inconvenience incident to inspection, and yet obtain the protection it would afford him, he must do so by exacting of the vendor an express warranty of quality. Hyatt v. Boyle, 5 Gill. & J. (Md.) 110, 25 Am. Dec. 276; Bernard v. Kellogg, 10 Wall. 383, 19 L. Ed. 987; 2 Mechem on Sales, § 1312.

As said by the Supreme Court in Armstrong v. Bufford, supra:

"The rule in respect to the merchantable quality of goods sold, where the buyer has an opportunity of inspecting them, seems to be that 'the seller may let the buyer cheat himself ad libitum, but must not actively assist him in cheating himself.' 1 Parson on Contracts, m. p. 535; Barnett v. Stanton & Pollard, 2 Ala. 181; Ricks v. Dillahunty, 8 Port. 133. I think the rule of the civil law is preferable, that a dealer impliedly warrants the merchantable quality of his goods. But our law says the purchaser must buy on his own responsibility, or ask for a warranty."

See, also, Gachet v. Warren & Burch, supra.

There is no contention here that there was any express warranty, but the contention of appellant is that a warranty will be implied from the circumstances attending the transaction in question; the facts being that the appellants sold appellee a tract of land in Calhoun county, and took in exchange therefor lumber, other property, and some cash. This suit relates to the lumber involved. The contract between the parties was in writing, and provided, among other things:

"The terms of said sale are as follows: Immediately upon the approval of the title to said lands by the attorneys of the party of the second part (appellee) the party of the second part is to deliver to the parties of the first part at Iron City, Ala., all the merchantable lumber now owned by the party of the second part at Iron City, Ala. The party of the second part and the parties of the first part are together to check and grade said lumber, and immediately upon the checking and grading thereof, the party of the second part is to load same on board cars of the Southern Railway Company to the order of the parties of the first part. It is agreed that the prices and values of said lumber are as follows: [Here followed a schedule of grades and prices.]

"If there is found to be in said load of lumber lumber of grades not covered by the foregoing schedule, the prevailing market price is to be paid therefor. Said lumber is to be graded according to the grades and specifications of the Southern Pine Lumber Association."

[4] The contract further provided that the purchase price of the land was to be $8,000, from which the value of the lumber as ascertained by the inspection and grading provided for in the contract and the other property should be deducted, and the balance paid in cash, at which time the conveyance to the land delivered to a bank in escrow was to be delivered to the defendant. The undisputed evidence showed that the lumber was inspected and graded by the parties as provided in the contract, and accepted without objection, and a complete settlement made between them, on the basis of such grading, in January, 1915, at which time the deed was delivered, and the transaction closed. The unqualified acceptance of the lumber precludes a recovery on the theory of implied warranty. Ex parte A. Z. Bailey Grocery Co., 201 Ala. 79, 77 South. 373.

If we should ignore the rule that "oral evidence of a warranty, where the written contract contains none, is not admissible, because 'its effect is clearly to vary the terms of the written instrument, by superadding another term or condition not expressed by the parties'" (Griel v. Lomax, 86 Ala. 137, 5 South. 325), the foregoing facts clearly exclude the idea of an implied warranty. It was clearly contemplated by the terms of the contract that the appellant was obligated to accept only "merchantable" lumber, and the quantum and value thereof was to be determined by the process of inspection and grad-

ing provided for in the contract. In other words, the contract clearly shows that the parties were dealing on equal footing, each protecting his interest by his own judgment and skill. This being true, if the appellant had been allowed to show that appellee made false statements as to the merchantability of the flooring in question previous to the time the parties entered into the written contract, the contract clearly shows that the appellant did not rely on such representation, and was not governed thereby, but in lieu thereof reserved the right to inspect the lumber and participate in grading it, and thereby determining its value.

What we have said clearly demonstrates that the rulings of the trial court are free from reversible error, and the judgment must be affirmed.

Affirmed.