(80 South. 374)

# ELBA BANK & TRUST CO. v. MARSH.
## (4 Div. 759.)

(Supreme Court of Alabama. Dec. 19, 1918.)

INSURANCE ☞645(5)—ACTION ON LIFE POLICY—VARIANCE—FRAUD.

In action on life policy by assignee, a plea by substituted defendant, original beneficiary, of actual fraud, in that contents of assignment were misrepresented by assignee, did not support proof of constructive fraud, in that such defendant was ignorant of the real significance and effect of the transfer and that it was assignee's duty to inform her thereof.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action by the Elba Bank & Trust Company against the Mutual Life Insurance Company of New York, in which Eva C. Marsh was substituted as party defendant. Judgment for substituted defendant, and plaintiff appeals. Reversed and remanded.

W. W. Sanders, of Elba, for appellant.
J. A. Carnley, of Elba, for appellee.

GARDNER, J. The appellant brought suit against the Mutual Life Insurance Company of New York upon a policy of insurance on the life of one Tavener Marsh, now deceased. The insurance company met all the requirements of section 6050 of the Code of 1907, as for interpleader, suggesting Eva C. Marsh, the widow of said Tavener Marsh and the beneficiary named in the policy, as a claimant to the fund which was paid into court. See Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 South. 370. An order was duly entered substituting the said Eva C. Marsh as a party defendant, and the cause proceeded to trial, as a contest between the plaintiff and the substituted defendant, in the circuit court before the judge thereof, without a jury, resulting in a judgment for the substituted defendant; from which judgment the plaintiff prosecutes this appeal.

The said Eva C. Marsh first filed her statement of claim, as beneficiary in a certain policy on the life of Tavener Marsh, who died January 17, 1916, to the money paid in-

to court. She thereafter filed additional statements 1, 2, 3, 4, 5, and 6, to which demurrers of the plaintiff were sustained. On July 5, 1917, she filed her amended statement of claim, upon which issue was joined, and to which replications 2 and 3 were filed. By replication 2, the plaintiff set up a transfer and assignment of the policy sued on, which was executed on January 27, 1916; and by replication 3 that on February 3, 1916, the defendant ratified and confirmed said transfer and assignment.

In the amended statement of claim, the defendant relied upon an actual fraud perpetrated upon her in the assignment or transfer of the policy to the plaintiff, in that the contents thereof were misrepresented to her, and that she did not know and did not understand that she was transferring her interest in the same to the plaintiff.

The trial court found this issue of fact against the defendant, as disclosed by his special finding of facts, in response to request therefor by counsel for plaintiff on motion for a new trial. This opinion of the court further discloses that he found that the transfer was invalid by virtue of a constructive fraud, in that the defendant was ignorant of the real significance and effect of the transfer; and that, under the circumstances disclosed, it was the duty of plaintiff to inform her thereof, which was not done.

None of the pleadings upon which issue was joined, and the trial had, embraced a claim of constructive fraud on plaintiff's part.

It is strenuously insisted by counsel for appellant that the judgment is erroneous for the reason that a statement of the defendant's claim upon which the trial was had was based upon actual fraud; while the conclusion of the court was founded upon proof of constructive fraud, which was not embraced within the pleadings, and therefore not justified, citing Reynolds v. Excelsior Coal Co., 100 Ala. 296, 14 South. 573.

This court has held that, in cases of this character, it is the duty of the substituted defendant to propound in writing his claim to the money deposited in court so that the plaintiff might know in what it consisted, and be able to plead to or answer as he might be advised. Johnson v. Maxey, 43 Ala. 521, which case has subsequently been cited with approval. Coleman v. Chambers, 127 Ala. 615, 29 South. 58; Stewart v. Sample, 168 Ala. 270, 53 South. 182.

In Reynolds v. Excelsior Coal Co., supra, it was said:

"If a case of actual fraud is alleged by the bill, relief cannot be had in the bill by proving only a case of constructive fraud."

There is here no occasion for a discussion or consideration of the evidence.

As the finding of the court was upon an issue of fraud not embraced within the pleadings upon which the case was tried, we conclude that the judgment must be reversed and the cause remanded for another trial.

We will add, however, that upon examination of the record we are not impressed with the insistence there has been a ratification of the policy transfer by defendant growing out of the execution of the quitclaim deed executed subsequent thereto, and we consider a discussion of that question at this time unnecessary.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.