(90 South. 48)

## COMMERCIAL SAVINGS BANK & TRUST CO. v. A. Z. BAILEY GROCERY CO. et al. (8 Div. 667.)

(Court of Appeals of Alabama. Nov. 9, 1920. Rehearing Denied Dec. 7, 1920.)

Interpleader ⊂⇒10 — Bank collecting draft, having breached duty to drawer, held not entitled to interplead drawer, when sued by drawee for the money.

A bank, which collected a draft as agent for the drawer, having breached a duty which it owed the drawer, if it was not guilty of conversion, by withholding remittance at request of the drawee, accompanied by statement of defect in the goods for which the draft was drawn, was not entitled to interplead the drawer, when sued by the drawee for the money.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by the A. Z. Bailey Grocery Company against the Commercial Savings Bank & Trust Company, which attempted to interplead the H. C. Schrader Company. There was judgment for plaintiff, and defendant appealed. Affirmed.

E. C. Nix, of Albany, for appellant.

G. O. Chenault, of Albany, for appellee.

PER CURIAM. This action was first begun by A. Z. Bailey Grocery Company against

the Commercial Savings Bank & Trust Company to recover damages for deceit in the sale of a carload of oranges in one aspect of the case, and in another to recover the purchase price of said car of oranges, which was paid by the plaintiff to the defendant upon a draft drawn by H. C. Schrader Company, and which was collected by the defendant as the agent for H. C. Schrader Company. The defendant undertook to file a statutory interpleader, and have H. C. Schrader Company substituted as defendant in the cause, and paid the money collected on said draft into court. The trial court, over the protest of H. C. Schrader Company, made the order, and substituted H. C. Schrader Company as defendant, and discharged the bank, the original defendant. On appeal this judgment of the trial court was reversed, said cause being reported in 15 Ala. App. 647, 74 South. 749; the Supreme Court report of the case being in 201 Ala. 79, 77 South. 374. The cause was remanded to the circuit court. That court, following the opinion and judgment of this court, set aside the former order, substituting the H. C. Schrader Company as defendant, and left the cause pending as originally filed between the A. Z. Bailey Grocery Company, plaintiff, and the Commercial Savings Bank & Trust Company, defendant. From the order of the circuit court, striking the amended affidavit of interpleader, and discharging the H. C. Schrader Company as defendant, and setting aside the order substituting the H. C. Schrader Company, an appeal was taken. In the Court of Appeals the H. C. Schrader Company filed its motion to dismiss the appeal, upon the ground that the order appealed from was not a final judgment and would not support an appeal, which contention was upheld by this court, but on application to the Supreme Court its judgment was that the judgment of the Court of Appeals be reversed, and the cause remanded to this court for further proceedings (84 South. 808[1]); the effect of this ruling being, of course, that such an order was such as would support the appeal.

The question now is the correctness of the trial court's ruling on the motion of the H. C. Schrader Company, whereby the affidavit or plea of interpleader, as amended, of the original defendant, the Commercial Savings Bank & Trust Company, was stricken from the files, and setting aside the former order of the court substituting the H. C. Schrader Company as defendant, and the discharge of the Schrader Company. The amendment offered by the appellant is an attempt to conform to the opinion heretofore rendered by this court; but we think the principle announced therein remains unchanged, viewed in the light of the additional facts set out in the affidavit as amended. The fact still remains that in collecting the draft the defendant, Commercial Savings Bank & Trust Company, acted as agent for H. C. Schrader Company, and as such agent it was its duty, under the facts set out in the affidavit, as amended, to remit the same to its principal. As stated in the original opinion (15 Ala. App. 647, 74 South. 749):

"To withhold the remittance of the proceeds of the draft at the plaintiff's request, it breached a duty which it owed the drawer of the draft, if, in fact, it was not guilty of a conversion of the proceeds of the draft."

We find no error in the record, and the judgment is affirmed.

Affirmed.