## TRAUN *vs.* WITTICK.

[AMENDMENT OF JUDGMENT ON VERDICT NUNC PRO TUNC.]

*For headnotes see the last preceding case.*

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. ANDREW B. MOORE.

THIS is the action of detinue referred to in the pleadings of the last case. It was brought by Mary Wittick against Henry

Traun, to recover eight slaves. The verdict of the jury, and the judgment thereon rendered at the Fall term, 1852, are set out in the third plea to the complaint in that case, which see. At the Spring term, 1853, the judgment was amended *nunc pro tunc*, as described in the replication to the third plea; and from the amended judgment the defendant now appeals, and assigns the same for error.

WM. M. BYRD, for the appellant.

GEO. W. GAYLE, *contra*.

CHILTON, C. J.—It is laid down as a general elementary rule, that a verdict is void if it find only a part of the issue. See 6 Comyn's Digest, tit. Pleader, (S.) 19, and cases there cited. It must also be certain—that is, must find the fact clear to a common intent.—*Ib.* § 21. Keeping in view these long-settled elementary principles, we have no difficulty in arriving at a correct conclusion upon the verdict in the case before us.

We may concede, that had the jury found that the defendant unlawfully detained seven of the eight slaves sued for, naming them, and omitting Ann, it would have been equivalent to a verdict for the defendant as to her; but they have not done this. Their language is, "We find for the plaintiff, and assess the value of the slaves sued for," &c., proceeding to name seven of the slaves, valuing each separately, but omitting the slave Ann. As Ann was one of the slaves embraced in the issue, and the jury find for the plaintiff, and say they assess the value "*of the slaves sued for*", but omit her name in the assessment of the value, they leave it in great uncertainty whether they intended to find one way or the other as to her. The most reasonable construction of the verdict is, that they intended to find her with the others, but accidentally overlooked her when they came to assess the value.

Be this as it may, it would be ruinous, in many cases, to allow the rights of parties to be concluded by such verdicts. The court must not be left to infer or guess at the meaning of the jury, and to arrive at a conclusion as to the extent of their finding by argument and doubtful inference; but the facts must be found with such reasonable certainty as will

enable the court to pronounce a satisfactory judgment, definitively settling the rights of the parties. This cannot be done in the case before us, and we think no judgment could properly have been rendered upon the verdict; much less could it be amended, so as to render a judgment *nunc pro tunc* for Ann.

The judgment must consequently be reversed, and the cause remanded.

RICE, J., *dissenting.*