# Brazel *et al.* v. New South Coal Co.

## *Statutory Action of Ejectment.*

1. *Appeal; does not lie from judgment granting motion in arrest of judgment.*—No appeal lies to the Supreme Court from a judgment of the trial court granting a motion in arrest of judgment.

[Brazel *et al.* v. New South Coal Co.]

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was a statutory action of ejectment, brought by the appellant, W. T. Brazel, against the New South Coal Company, to recover the coal and mineral interest in certain lands specifically described in the complaint.

Upon the trial of the cause the jury returned a verdict in favor of the plaintiff. After the return of the verdict, but before judgment, the defendant made a motion in arrest of judgment, upon the ground that the verdict of the jury was too indefinite to support a judgment, and the description of the property in the complaint was too indefinite to support a judgment. The court sustained this motion and entered a decree accordingly. From this decree the present appeal is prosecuted.

In this court at the time of the submission of the cause, there was also submitted a motion for a mandamus to compel the circuit judge to vacate the order granting the motion in arrest of judgment. This motion for *mandamus* was, however, subsequently dismissed.

NORVELL & SMITH, for appellant, cited *Benjamin v. Armstrong*, 2 S. & W. (Pa.) 392; *Favor v. Philbrick*, 5 N. H. 357; *Kenn v. Turner*, 13 Mass. 265; *Powell v. Kinney*, 6 Blackf. 359; *State v. Foster*, 2 Mo. 210.

COLEMAN & BANKHEAD, *contra*, cited *Richardson v. Bank*, 24 So. Rep. 54; *Hood v. State*, 44 Ala. 81; *David v. David*, 66 Ala. 139; 2 Encyc. Plead. & Prac. 820, 821, 822, and notes.

TYSON, J.—This is an appeal prosecuted from a judgment granting a motion in arrest of judgment. Section 434 of the Code provides for appeals whenever a motion for a new trial shall be granted or refused by any circuit or city court. Motions in arrest of judgment do not come within its provisions and the right of appeal in this case must find its support outside of this statute.

The effect of the granting of the motion was to restore the cause to the docket for such further proceedings as the parties litigant may see proper to take. After this motion was granted, all pleadings may be amended and a new trial had, without restriction or prejudice on account of any ruling or order made on the previous trial. In other words, the cause can be tried *de novo*. Its status and the law governing it in respect to an appeal cannot on principle be distinguished from the condition of a cause where a rehearing is granted after final judgment at a subsequent term under section 3341 *et seq.* of the Code. In such cases, the rule, in respect to appeals to this court is clearly stated in *O'Neal v. Kelly*, 72 Ala. 559, as follows: "To remove all uncertainty in *Ex parte North* (49 Ala. 385) following the earlier decisions, it was announced, that from a judgment refusing the application for a rehearing an appeal would lie, because the judgment is final, disposing of the case, but if the application was erroneously granted, the order granting it was not a final judgment —its effect was, not a disposition of the case, but its restoration to the docket for a new trial; and prior to final judgment, the only remedy for the correction of the error is *mandamus*. This is the practice which has been since pursued."—*Chastain & Lawrence v. Armstrong*, 85 Ala. 215; *Heflin v. Rock Mills Mfg. Co.*, 58 Ala. 613, and authorities there cited. The appeal must be dismissed.

Appellant submits with the record in this cause, a motion for a writ of *mandamus* to compel the circuit judge to vacate the order granting the motion in arrest of judgment.—*Ex parte Tower Mfg. Co. et al.*, 103 Ala. 415. Expressly reserving a decision of all questions involved upon the merits of this motion for *mandamus*, a rule *nisi* is awarded against the present judge of the circuit court of Walker county requiring him to appear on Thursday, the 11th day of May, 1899, before this court, and show cause why a peremptory *mandamus* shall not issue commanding him to vacate said order.