# Kirkland *v.* Pilcher.

## *Detinue.*

(Decided Dec. 19, 1911.    57 South. 46.)

1. *Detinue; Judgment; Requisites.*—Where a plaintiff in detinue
recovers in detinue, the verdict and judgment must be as required
by the provisions of section 3781, Code 1907; that is, in the alterna-
tive, for the specific chattel sued for, or for the value thereof as
assessed by the jury if they are not to be had.

2. *Same; Conformity to Issues.*—A judgment which is not re-
sponsive to the complaint, or which cannot be based on the cause
of action therein stated, is invalid.

[Kirkland v. Pilcher.]

3. *Appeal and Error; Objections; Erroneous Judgment.*—A money judgment in detinue is not responsive to the complaint, and will be set aside on appeal, though no objection was taken thereto in the trial court, notwithstanding the provisions of section 4143, Code 1907.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action between W. J. Kirkland and G. W. Pilcher. From a judgment for the latter, the former appealed to the Appellate Court, and it certifies a question to the Supreme Court. Question answered.

See, also, 57 South. 49.

Certificate to the Supreme Court of Alabama:

"In the above entitled case, the judges of the court being unable to reach a unanimous conclusion or decision, the undersigned judges of said court, pursuant to the provision of the statute in such cases made and provided, hereby certify to the Supreme Court of Alabama the following question of law, as to which the undersigned judges differ:

"The complaint states a cause of action in detinue but the verdict and judgment in favor of the plaintiff are for a certain sum, assessed as damages, without a finding or judgment against either party for the property sued for or its alternative value. Does section 4143 of the Code of 1907, operate to prevent this court from reversing such a judgment on appeal, no objection having been made to the verdict or judgment in the court below?

"The above question is submitted as an abstract proposition, as directed by the statute; reference being made to the case in which the question arises for the convenience of the Supreme Court.

"R. W. Walker,
        "Presiding Judge.
"Ed. de Graffenried,
"John Pelham,
            "Judges."

R. D. CRAWFORD, for appellant. The action was det-inue and the verdict and judgment was for a mere sum of money, and hence, invalid.—Section 3781, Code 1907; *Jernigan v. Willoughby*, 159 Ala. 650. The judgment did not conform to the issues.—11 A. & E. Enc. P. & P. 879.

No counsel marked for appellee.

ANDERSON, J.—Section 3781 of the Code of 1907 prescribes the kind of verdict and judgment in detinue.

Where the plaintiff recovers, the verdict and judgment should be in the alternative for the specific chattels sued for, or, if they are not to be had, for the value thereof as assessed by the jury.—*McCullough v. Floyd*, 103 Ala. 448, 15 South. 848; *Brown v. Brown*, 5 Ala. 508. A mere moneyed verdict and judgment is not responsive to the complaint and is foreign to the cause of action therein stated. This court has frequently reversed cases in detinue, where the verdict and judgment did not sub-stantially conform to the statute.—*Jernigan v. Wil-loughby*, 159 Ala. 650, 48 South. 812, and cases there cited, as well as other cases not there cited.

This court has often held that a complaint which did not support a cause of action would not support a judgment. We also think that a judgment not respon-sive to a complaint, or which cannot be based upon the cause of action therein set out, is invalid. It would be monstrous to hold that a complaint in unlawful de-tainer would support a moneyed judgment alone; and a moneyed judgment upon a complaint in detinue is equal-ly as inconsistent and is a legal impossibility.—*Munday v. Nail*, 34 N. J. Law, 423. "A judgment upon issues not made by the pleadings is at least erroneous, and may be set aside or reversed in a proper proceeding for

[Kirkland v. Pilcher.]

that purpose; but many cases go even further, and hold that judgments based upon issues not made by the pleading are coram non judice and void, and subject to be set aside or disregarded even in a collateral proceeding."—11 Am. & Eng. Ency. of Pl. & Pr. 879, and cases cited in note 1. We agree with what seems to be the weight of authority, that a judgment which cannot be rendered under the complaint is just as invalid as if it was rendered upon a complaint which failed to state a cause of action. In passing upon the validity of judgments, the complaint is jurisdictional and should be considered.—*L. & N. R. R. Co. v. Williams,* 113 Ala. 405, 21 South. 938.

We do not think that the complaint in question will support the moneyed judgment, and that it was erroneously rendered and should be reversed. It is true that section 4143 says: "No judgment can be arrested, annulled, or set aside for any matter, not previously objected to, if the complaint states a substantial cause of action." We think the meaning of this statute, if it now applies to appeals, is that the complaint must state such a cause of action as will support the judgment in question, and that it does not mean that the judgment should be sustained if determining a right or cause of action not set up in the complaint. We do not think that it means that a moneyed judgment can be upheld upon a complaint in detinue, or that a judgment in ejectment should be upheld if the complaint states only a substantial cause of action on a promissory note. In the cases in which this statute was invoked to save the judgments, the said judgments conformed to the cause of action set up in the complaint, and were not foreign thereto.—*Smith v. Dick,* 95 Ala. 311, 10 South. 845; *Ritch v. Thornton,* 65 Ala. 310; *Government St. R. R. v. Hanlon,* 53 Ala. 70.

Whether or not the transfer of section 4143 from the article to which it originally belonged to its present position in an article that applies to "satisfying, annulling, or setting aside of judgments" upon motions, is significant that it does not apply to appeals, we need not determine (*Woodward Co. v. Brown*, 167 Ala. 319, 52 South. 830), for the reason that, if it does apply to appeals as well as motions under article 7 of chapter 85 of the Code of 1907, we think that "a substantial cause of action," as there used, means one that will support the judgment and verdict, and not one that might support some other verdict and judgment.

The error is fatal to an affirmance of the case, notwithstanding the point was not taken in the trial court.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur in the opinion. McCLELLAN and MAYFIELD, JJ., concur in the conclusion.

MAYFIELD, J.—Section 4143 of our Code is one, or a part of one, of the numerous statutes of jeofailes or amendments, passed first by the Legislatures of the various states. This one, as is well known, was intended to prevent the arrest or reversal of judgments as for mere defects in the form of the declaration, complaint, bill, or petition; and to require that as to such formal defects advantage should be taken by special demurrer or other special pleading, so that such formal defect could be amended while the pleading was in fieri. Before the passage of such statutes, judgments were constantly arrested and reversed for merely formal defects, and though such defects were never complained of until after verdict and judgment.

So the object and purpose of this particular statute was to change this rule, and limit objections to the judg-

[Kirkland v. Pilcher.]

ment, or to the motion in arrest thereof, or objections in proceedings to amend, to those of substance only; and if the declaration, complaint, bill, or petition contained a substantial cause of action, no objection could be taken to it on motion in arrest, or in independent proceedings to amend or reverse, unless the objection was previously made—that is, before rendition.

This particular statute or its progenitor has been in force in this state for a hundred years, since even before the state was admitted into the Union. It was enacted by the Legislature of the Mississippi Territory, in the year 1811, and has been with us continuously ever since. It therefore appeared in our first Code (of 1852) as section 2405. It was intended, and has always been construed, to be applicable only to the sufficiency of the declaration, complaint, bill, or petition, and not to the sufficiency of the verdict or the judgment. There are other statutes and rules of law that relate to the sufficiency of the verdict and judgment. The one in question has no relation to, and can have no effect whatever upon, the sufficiency of a verdict to support a given judgment, or the responsiveness of a verdict to the issues.

This section therefore has no application to the question involved in the case certified to us by the Court of Appeals. That question is whether a given verdict responds to the issues made by the pleadings sufficiently to support the judgment rendered by the trial court and appealed from. No objection is taken, nor appears tenable, to the sufficiency of the declaration or complaint, so the statute in question can have no application.

The verdict in question was clearly not responsive to the issues, and, while the judgment follows the verdict, it is bad, of course, because the verdict was bad, and it has nothing to stand upon. The verdict in question is

no more responsive to the issues than would be a proper verdict in a detinue suit to an action of assumpsit; and no one would contend that a complaint in assumpsit, though perfect as to form or substance, would support a verdict in detinue.

The statute in question relates exclusively to the sufficiency of a declaration or complaint to support a judgment, and not to the sufficiency of a verdict, nor to whether it responds to the issues.

The rules of law applicable to the case at bar are thus stated in the books:

"Judgment is sometimes arrested, when the pleadings are good, for faults in the *verdict*. If the verdict *vary substantially* from the issue (as if, instead of finding the matter in issue, either way, the jury find something *foreign* to it), judgment must be arrested, because the finding does not ascertain the matter of fact in issue, and cannot therefore show for which party judgment ought to be given.

"The rule is the same when the verdict finds only *part* of the matter in issue—omitting to find, either way, another *material part*. For it is the duty of the jury to ascertain, and that of the court to give judgment upon *all* the material facts put in issue by the pleadings. But a verdict, finding the whole *substance* of the issue is good, although it be silent as to what is *immaterial*, since the latter cannot affect the merits of the controversy."—Gould's Pleading, §§ 55, 56, p. 521; Stephen's Pleading, 2d Appendix, note 7, p. cxxviii.

The true test of the sufficiency of a verdict to support a judgment was first announced by Washington, J., in the case of *Patterson v. United States*, 2 Wheat, 221, 4 L. Ed. 224, as follows: "A verdict is bad, if it varies from the issue in a substantial matter, or if it finds only a part of that which is in \* \* \* issue. Whether

[Kirkland v. Pilcher.]

the jury find a general or special verdict, it is their duty
to *decide the very point in issue,* and although the court,
in which the cause is tried, may give form to a general
finding, so as to make it harmonize with the issue, yet,
if it appears to that court, or to the appellate court,
*that the finding is different from the issue,* or is con-
fined to a part only of the matter in issue, no judg-
ment can be rendered on the verdict. If the jury find
the issue, and something more, the latter part of the
finding will be rejected as surplusage; but this rule
does not apply to a case where the facts found in a
verdict are substantially variant from those which are
in issue."

This was quoted and adopted as the true rule, by this
court, in the case of *Moody v. Keener,* 7 Port. 235, 236,
and has been followed ever since, notwithstanding the
statute in question, or its progenitor not different in
substance, has been continuously in force since the year
1811.   In *Moody's Case, supra,* the court concluded as
follows: "The view we have taken is also confirmed by
the case of *Stearns v. Barrett,* 1 Mason, 153 (Fed. Cas.
No. 13,337), in which Judge Story observes 'that where
a verdict is not expressed substantially in the terms of
the issue, the case ought to be extremely clear, that
should induce a court to make it the ground of a final
judgment.' As the verdict is not responsive to the is-
sue, for this defect, the judgment of the circuit court
must be reversed, and the cause remanded."—7 Port.
237.

The above case was cited and followed, in both the
majority and dissenting opinions, in the cases of *Wit-
tick v. Traun,* 27 Ala. 562, and *Traun v. Wittick,* 27
Ala. 570, in which cases, after full discussion (with
the identical statute now in force), it was decided, and
with dissenting opinions, as follows:   "In detinue for

[Kirkland v. Pilcher.]

eight slaves, a trial being had on the plea of the general issue, the jury returned a verdict that 'they find for the plaintiff, and assess the value of the slaves sued for as follows,' etc. (specifying by name, and assessing the separate value of, all the slaves, except one, as to whom the verdict was entirely silent), 'and they also find the hire of said slaves to be $200.' Held, that the verdict was not sufficient to authorize the rendition of judgment; while Rice, J., dissenting, held that it was a good finding for the plaintiff for the seven slaves named, with their hire as damages for their detention, and against the plaintiff as to the slave not named in the verdict."

In the case of *Handley v. Lawley,* 90 Ala. 527, 8 South. 101, the two cases above quoted, from 27 Ala., are reviewed and overruled, by Stone, C. J., in the following language: "The opinions of the majority of this court in *Wittick v. Taun,* 27 Ala. 562 (62 Am. Dec. 778), and in *Traun v. Wittick,* 27 Ala. 570, are relied on in support of the contention that the verdict in this case did not authorize the judgment rendered. In our opinion the views of the dissenting justice in those cases are supported by the stronger reasoning, and we concur with him. The issues in this case authorized a separate finding, and we hold that, when the jury found in favor of the plaintiffs against one defendant, and said nothing as to the other, this was equivalent to a finding in favor of that other. 'Expressum facit cessare tacitum'."

But the rule anonunced by the text-writers, and by our court in the case of *Moody v. Keener,* supra, has never been departed from nor doubted, by this, or any other court, so far as I know. In none of these cases has it ever been supposed that section 4143 of the Code, or its progenitors, had any application to the question of the sufficiency of a verdict.