[Hershey Chocolate Co. v. Yates, et al.]


# Hershey Chocolate Co. *v.* Yates, *et al.*

### Motion for New Trial.

(Decided May 18, 1916.   Rehearing denied June 30, 1916.
72 South. 260.)

1. **Judgment; Motion in Arrest; Grounds.**—Judgments can be arrested only for defects apparent of record, and defects which are amendable will not authorize the arrest or annulment of the judgment.

2. **Same.**—Under § 4143, Code 1907, mere defect in the form in the complaint or declaration must be raised by special demurrer, or other special pleading, and cannot be raised by motion in arrest of judgment.

3. **Appeal and Error; Review; Decisions Reviewable.**—An order granting a motion in arrest of judgment is not a final judgment, nor is it one of the interlocutory orders from which an appeal lies under the statute, and hence, such order will not support an appeal; where such appeal embraces no petition for mandamus in the alternative to correct the errors complained of, the appeal will be dismissed.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

The Hershey Chocolate Company brought suit against the Joseph A. Yates & Company, for the breach of a receiver's bond, and had judgment by default.   On motion of defendant, the judgment was set aside and a new trial ordered, and plaintiff appeals.   Appeal dismissed.

Transferred from Court of Appeals.

STERLING A. WOOD, for appellant.  GEO. E. BUSH, for appellee.

MAYFIELD, J.—This appeal is from an order granting a motion in arrest of judgment.

(1) Judgments can be arrested only for defects apparent of record.   Mere defects, however, which are amendable, will not authorize the arrest or annulment of a judgment.

(2) One of our statutes of jeofailes prohibits such action by trial or by appellate courts.   Section 4143 of our Code is one, or a part of one, of the numerous statutes of jeofailes or amendments, passed first by the Legislatures of the various states. This one, as is well known, was intended to prevent the arrest or reversal of judgments as for mere defects in the form of the

declaration, complaint, bill, or petition, and to require that as to such formal defects advantage should be taken by special demurrer or other special pleading, so that such formal defect could be amended while the pleading was in fieri. Before the passage of such statutes, judgments were constantly arrested and reversed for merely formal defects, and though such defects were never complained of until after verdict and judgment.—*Kirkland v. Pilcher,* 174 Ala. 174, 57 South. 46; 7 Mayf. Dig. 476. So the object and purpose of this particular statute was to change this rule, and limit objections to the judgment; or to the motion in arrest thereof, or objections in proceedings to amend, to those of substance only; and, if the declaration, complaint, bill or petition contained a substantial cause of action, no objection could be taken to it on motion in arrest, or in independent proceedings to amend or reverse, unless the objection was previously made; that is, before rendition.—*Kirkland v. Pilcher, supra.*

(3) In this case, however, we cannot inquire into the correctness or incorrectness of the order arresting the judgment, for the reason that the order arresting or annulling the judgment is not a final judgment; nor is it one of the interlocutory judgments from which our statutes authorize an appeal. It is true that the effect of the order is to annul the final pudgment and award another trial. The legal consequence is the same as that of an order granting a new trial, whether made during the term of the rendition or under the four-month statute, providing for rehearings in trial courts. The statutes of this state, authorizing appeals from orders or judgments granting or refusing to grant new trials, have been frequently construed by this court, for a quarter of a century, and held not to include orders or judgments like the one in question. In dealing with a case exactly like that here under consideration, the authorities were reviewed; and it was again decided by this court that an appeal would not lie from a judgment or order like the one here attempted to be appeal from. It was there said: "Judgment having been set aside in term time, and within 30 days after rendition, it was within the control of the court, and it had the discretionary power of setting same aside, and said action is not revisable under the four-month statute for rehearing at law, and which does not apply. Nor can such order support an appeal.—*Truss v. Birmingham,* 96 Ala. 316, 11 South. 454; *Allen v. Lathrop-Hatton Lumber Co.,* 90 Ala. 490, 8 South. 129; *Haygood v. Tait,*

[Central of Georgia Ry. Co. v. Carlock.]

126 Ala. 264, 27 South. 842; *Colley v. Spivey*, 127 Ala. 109, 28 South. 574. There being no remedy to revise the order vacating the nil dicit judgment so rendered, mandamus might be the appropriate remedy to revise the action of the court.—*Brazel v. New South Coal Co.*, 131 Ala. 416, 30 South. 832."—*Ex parte Parker*, 172 Ala. 137, 138, 54 South. 572.

These later cases on the subject have sanctioned the practice of allowing the appellant to incorporate in his submission a motion or petition for a writ of mandamus, as an alternative relief, to correct the errors complained of on the appeal. See *Brazel v. New South Coal Co.*, 131 Ala. 416, 30 South. 832; *Ex parte Tower Mfg. Co.*, 103 Ala. 415, 15 South. 836; *Ex parte Parker, supra.* There being no application here for mandamus, and the appeal not being authorized by statute, and the right of appeal being purely statutory, it follows that this record alone reveals the want of jurisdiction, which point we must take ex mero motu and dismiss the appeal.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.