(83 South. 11)

**COMMERCIAL SAVINGS BANK & TRUST CO. v. A. Z. BAILEY GROCERY CO. et al. (8 Div. 667.)**

(Court of Appeals of Alabama. June 17, 1919. Rehearing Denied July 21, 1919.)

1. APPEAL AND ERROR ⬦1180(2)—REVERSAL ON APPEAL FROM JUDGMENT AGAINST SUBSTITUTED DEFENDANT.

On appeal from judgment against substituted defendant in interpleader case, the effect of judgment of reversal is to set aside and annul the judgment substituting the substituted defendant as party defendant as well as the final judgment, leaving the case and parties in the same status in the trial court as before the order of substitution was made.

2. APPEAL AND ERROR ⬦78(3)—ORDER STRIKING PLEA OF INTERPLEADER NOT APPEALABLE.

Order striking plea of interpleader and discharging substituted defendant after judgment against substituted defendant has been reversed on appeal is not appealable, not being a final judgment.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by the Commercial Savings Bank & Trust Company against the A. Z. Bailey Grocery Company and others, in which H. C. Schrader Company was interpleaded. From order striking plea of interpleader and discharging the H. C. Schrader Company, the Commercial Savings Bank & Trust Company appeals. On motion to dismiss appeal. Dismissed.

Troup & Nix, of Albany, for appellant.

E. W. Godbey, of Decatur, and G. O. Chenault, of Albany, for appellee.

BROWN, P. J. This case was before this court at a former term on the appeal of the H. C. Schrader Company from a final judgment against it, and on that appeal it was held that the affidavit or plea of interpleader filed by the original defendant, the appellee here, on its face did not make a case for interpleader, and the judgment of the trial court was reversed and the cause remanded. H. C. Schrader Co. v. A. Z. Bailey Grocery Co., 15 Ala. App. 647, 74 South. 749; Ex parte A. Z. Bailey Grocery Co., 201 Ala. 79, 77 South. 373.

[1] The effect of that judgment of reversal was to set aside and annul the judgment of the trial court substituting the H. C. Schrader Company as a party defendant, as well as the final judgment against it, leaving the case and the parties in the same status in the trial court as before the order of substitution was made. After remandment, the affidavit and plea of interpleader filed by the appellant here was amended in certain particulars, and as amended, on the motion of H. C. Schrader Company, was stricken from the files, and the H. C. Schrader Company discharged, leaving the case pending in the trial court as originally filed. From the order striking the plea of interpleader and discharging the H. C. Schrader Company, this appeal is prosecuted.

[2] This statement is sufficient to show that the order appealed from is not a final judgment, and, inasmuch as an appeal is not specially authorized from an order of this character, will not support an appeal. The motion of appellee is therefore granted, and the appeal is dismissed.

Appeal dismissed.