(83 South. 11)
A. Z. BAILEY GROCERY CO. v. COMMER-
CIAL SAVINGS BANK & TRUST
CO. et al. (8 Div. 628.)

(Court of Appeals of Alabama. June 17, 1919.
Rehearing Denied July 21, 1919.)

1. MANDAMUS ⚫3(1), 10 — GRANTED WHEN
NO OTHER REMEDY ADEQUATE.

To entitle a party to issuance of a manda-
mus as a remedy to revise judicial errors, he
must show that he has been deprived of a clear
legal right and that he has no other adequate
remedy to protect such right.

2. APPEAL AND ERROR ⚫1180(1)—REVERSAL
OF JUDGMENT AGAINST INTERPLEADED DE-
FENDANT.

Reversal of judgment against interpleaded
defendant and remandment of cause, and subse-
quent order of lower court annulling order sub-
stituting interpleaded defendant in place of
original defendant, restores the case to its
status before an effort to require interpleader
was made.

3. INTERPLEADER ⚫21—STATUS OF FUND AFT-
ER INEFFECTIVE INTERPLEADER.

Where defendant's effort to require inter-
pleader under Code 1907, § 6050, was abortive,
the fund paid into court was not placed in
custodia legis, and plaintiff did not acquire lien
thereon.

Appeal from Circuit Court, Morgan Coun-
ty; O. Kyle, Judge.

Action by the A. Z. Bailey Grocery Com-
pany against the Commercial Savings Bank
& Trust Company, in which H. C. Schrader
Company was interpleaded as substituted
defendants. Plaintiff petitions for writ of
mandamus to compel court to set aside order
discharging substitute defendant and direct-
ing that funds paid into court with affidavit
of interpleader be returned to defendant.
Mandamus denied.

See, also, 201 Ala. 79, 77 South. 373.

E. W. Godbey, of Decatur, for appellant.

Troup & Nix and G. O. Chenault, all of Albany, for appellee.

BRICKEN, J. In the case of Commercial Savings Bank & Trust Co. v. A. Z. Bailey Grocery Co. et al., 83 South. 11,[1] it was ruled that the order striking the affidavit of interpleader and discharging the Schrader Company would not support an appeal. This ruling necessitates a dismissal of the appeal in this case. See, also, McKleroy v. Gadsden Co., 126 Ala. 184, 28 South. 660.

[1] This brings us to the question as to whether the writ of mandamus should be allowed to compel the court to set aside the order discharging the Schrader Company and directing that the funds paid into court with the affidavit of interpleader be returned to the defendant. To entitle a party to the issuance of a mandamus as a remedy to revise judicial errors, he must show that he has been deprived of a clear legal right by the action of the court and that he has no other adequate remedy to protect such right. Ex parte Tower Mfg. Co. et al., 103 Ala. 415, 15 South. 836; Brazel v. South Co., 131 Ala. 416, 30 South. 832.

[2, 3] The effect of the reversal of the judgment on the appeal of the Schrader Company and the remandment of the cause (15 Ala. App. 647, 74 South. 749), and the subsequent order of the circuit court annulling the order substituting the Schrader Company and others as defendants and discharging the original defendant, was to restore the case to its status before an effort to require interpleader was made. Commercial Savings Bank & Trust Co. v. A. Z. Bailey Grocery Co., 83 South. 11.[1] Therefore, as presented on the application of the Bailey Grocery Company for the writ of mandamus, we have a case where the Bailey Grocery Company has filed suit against the Commercial Savings Bank & Trust Company, and the bank in an abortive effort to compel the Schrader Company and others to interplead, with a view of being legally discharged from further liability, has paid into court money the subject of the controversy, and the court, on determining that the affidavit of interpleader did not present a case for interpleader, has stricken the affidavit from the file and authorized the defendant to withdraw the money paid into court with its affidavit of interpleader. The right to require interpleader at law in such cases is a right given by statute to the original defendant. Code 1907, § 6050. The effort to require interpleader being abortive, the fund paid into court was not placed in custodia legis, nor did the plaintiff acquire any lien thereon. The plaintiff has before the court the party it elected to sue, and it cannot complain that the defendant's efforts to interplead others has failed. The plaintiff had the same right to have the affidavit stricken that the person proposed to be interpleaded had, and, if it has been put to useless litigation by the efforts of the defendant to interplead third persons, it arises from its failure to object to the interpleader, and it is in no position to complain. The petition failing to show that the petitioner has been deprived of a legal right or that a failure of justice will result from the action of the trial court, mandamus will not be awarded, but the petition therefor will be dismissed.

Mandamus denied.

---

[1] Ante, p. 173.