222 So.2d 705

**Turpin VISE et al.**

v.

**Paul G. PERKINS et al.**

6 Div. 386.

Supreme Court of Alabama.

May 1, 1969.

Mead, Norman & Fitzpatrick, Birmingham, for appellants.

Fite, Thomas & Fite, Hamilton, for appellees.

PER CURIAM.

Appellee, Paul G. Perkins, filed in the Circuit Court of Lamar County, in Equity, his petition or complaint for a declaratory decree to determine whether or not an alleged oral agreement he made with appellants was effective as general liability and workmen's compensation insurance for the Town of Vernon, a party respondent. More details will appear in the opinion. The trial court, following decrees pro confesso against appellants (made parties respondent), entered a final decree purporting to grant relief. Appellants appeal therefrom. Motion was made by each of appellants to vacate the decree. The motion was denied. Appellants also appeal from the decree overruling the motion. The motion was denied without modifying or extending the opinion.

Also, each appellant petitions this Court for an alternative writ of mandamus ordering the Chancellor to vacate the final decree that was entered.

It appears from the original bill of complaint that petitioner Perkins was an insurance agent doing business in the Town of Vernon during the year 1964, and had from time to time done business with Turpin Vise who was general agent for several insurance companies; that on May 18, 1964, Perkins called Vise by telephone requesting workmen's compensation and liability insurance for the Town of Vernon; that on May 20, 1964, said Vise wrote petitioner a letter stating:

"We have the Town of Vernon bound for all the coverage you mentioned. 10/20/5 liability with physical damage on the police car. Please mail me the application that you have and the driver's information, etc., that you have on Watkins.

"I regret that I could not get you back on the phone last night and I have been unable to reach you this morning by phone. The binder on the Town of Vernon includes Workmen's Compensation

and General Liability. We can put all their coverage in one Cover All policy. I believe they would like that." The bill also alleges that:

"On, to wit: May 18, 1964, the defendant Turpin Vise told the complainant by telephone that the requested insurance for the Town of Vernon could be placed with a broker, to wit: the defendant, W. J. Perryman and Company, Inc., and that this company would have the requested insurance written by the defendant, General Mutual Insurance Company; the defendants W. J. Perryman and Company, Inc., and General Mutual Insurance Company were at that time general insurance agencies conducting insurance business in the State of Alabama. * * *"

Also, the complainant avers that petitioner, two weeks later as instructed by Vise, made application for the requested insurance; that the application was directed to the defendants, W. J. Perryman and Company, and General Mutual Insurance Company, both appellants here.

Then follows an averment that on September 9, 1964, one Langley, Chief of Police for the Town of Vernon, was accidentally killed within line of duty while directing traffic; also that the decedent's widow had filed suit against the Town of Vernon to collect workmen's compensation insurance for the accidental death of her husband. It is also averred that the suit, filed on February 4, 1965, in the Circuit Court of Lamar County, is case number 1598, with copy of the complaint attached.

The complaint also avers that on, to wit: in the months of May and June, 1964, the defendant Turpin Vise Insurance Agency was a general agent for the defendants, W. J. Perryman and Company, Inc., and was a general agent for the defendant General Mutual Insurance Company, and that complainant called upon the defendant Turpin Vise to defend said law suit or to have one of the other defendants to defend said suit, and they have refused to so defend.

The prayer for relief is as follows:

(1) Prayer for process.

(2) Require defendants to defend said law suit against the Town of Vernon.

(3) Enjoin Pauline Langley from pursuing her law suit against the Town of Vernon, and that the trial be enjoined pending final decree in said cause.

(4) For general relief

The record also discloses that all the appellants were duly served with a summons and copy of the complaint according to the returns of the officers charged with responsibility for such service.

Having failed to answer within the time prescribed by law, the complainant obtained a decree pro confesso against each of the three respondents who are here appealing.

On June 25, 1965, before service of the summons and complaint on appellants and other respondents, petitioner Perkins amended his complaint by adding Pauline Langley, widow of the Chief of Police who was killed, as party respondent. Copy of the amendment was duly served on each of the respondents.

Mrs. Langley and the Town of Vernon each filed an answer. Each certified that copies of the answer had been served upon the attorneys of record for the parties. It is here to be noted that appellants did not have any attorneys of record in the proceedings; hence no service upon appellants.

The answer of Mrs. Langley admits the allegations of paragraphs one, two and three of the complaint; also it says that all the equities between the parties should be adjusted to avoid multiplicity of suits and that her workmen's compensation claim "can be adjusted in this suit; that she has filed a workmen's compensation claim against the Town of Vernon as shown by exhibit attached to the original bill of complaint in this case, being Case No. 1598, in the Circuit Court of Lamar County, Alabama, and she states that this claim should be heard and consolidated in with the present case and that the defendant, Town of Vernon, Alabama, together with its workmen's compensation insurer, The General Mutual Insurance Company, should be made to pay her claim in accordance with said suit, and this Court should so order and hear said claim and that said Paul G. Perkins and Turpin Vise should be held responsible for said claim because of their failure to provide workmen's compensation benefits to the Town of Vernon which would pay the workmen's compensation benefits due for the death of the husband of Pauline Langley, and she asks that the Court allow said claim and enter a decree in this case awarding workmen's compensation benefits to the said Pauline Langley against the Town of Vernon and against the General Mutual Insurance Company in this case and also against all other defendants and complainant, except the defendant, Pauline Langley; * * *."

The Town of Vernon in its answer admitted the accidental death of Mr. Langley in line of duty for the Town of Vernon. It asked for consolidation of Case No. 1598 (suit of Mrs. Langley for workmen's compensation) and suit No. 2295 (for declaratory decree). Also, "it asks that the Court enter an order consolidating the cases as aforesaid, and after hearing same that it enter a decree in this case ordering and directing all of the parties to this suit, excepting this defendant and the defendant, Pauline Langley, to protect, pay or defend The Town of Vernon from any liability which it might have under the Workmen's Compensation suit heretofore mentioned." It is to be noted that the record fails to show that copy of this answer was served on either of the appellants, although certification was made that copy was mailed to all the attorneys of record. No attorneys of record appeared for appellants.

The Chancellor, on January 12, 1966, entered an order consolidating Mrs. Langley's suit (1598) and Mr. Perkins' petition (2295) seeking a declaratory decree. We note there does not appear of record any

transfer of Mrs. Langley's suit on the law side to the equity docket, but evidently the parties, except appellants, treated the cause as having been transferred.

Oral hearing before the Chancellor was begun on February 17, 1966, at which time complainant Perkins amended his complaint, but no copy was served on appellants.

We have examined this amendment as it appears in the record. We also note appellants' analysis of its contents as appears in their comprehensive and excellent brief submitted on this appeal. There may be a few minor details averred in the amendment that are not in the original complaint, but on the whole we think the amendment is nothing more than a rehash of allegations in the original complaint without adding any material allegations thereto; in other words, there is no material change or additions not appearing in the original complaint. Appellants suffered no injury by this amendment. Supreme Court Rule 45, Title 7, Revised Rules of the Supreme Court, 279 Ala. XXI.

On February 17, 1966, the trial court entered a final decree in Mrs. Langley's case (1598) awarding judgment against the Town of Vernon for $7,061.57, which included sums for medical expenses and attorney's fee. The Town of Vernon did not take an appeal from this judgment.

In case No. 2295 (the Perkins' case), the trial court on February 18, 1966, after making a finding of fact, entered a final decree which adjudicated:

"1. That the complainant is entitled to the relief prayed for in the bill of complaint as amended.

"2. That the defendants Turpin Vise, d/b/a Turpin Vise Insurance Agency, W. J. Perryman and Company, Inc., a corporation, and General Mutual Insurance Company, a corporation, are responsible and liable to pay the sums adjudged to be due the plaintiff Pauline Langley in her said Workmen's Compensation suit against the Town of Vernon, Alabama, together with the court costs in said case, together with all of the court costs accrued in this case, and judgment is hereby rendered against said defendants for all such sums, for which, if not paid, execution may issue."

We are not impressed with appellants' contention that the original bill of complaint does not allege a justiciable issue. Petitioner Perkins, so it is alleged, took the initiative in soliciting workmen's compensation and liability insurance for the Town of Vernon; he also took active steps to procure the insurance. The activities in that direction are detailed in the complaint; also the response he obtained from appellant Vise. In view of the alleged initiative and efforts, we think complainant Perkins was lawfully entitled to have a judicial determination made by the Circuit Court of Lamar County, in Equity, as to whether or not these activities and contacts, resulting in certain communications between appellant Vise, constituted an oral agreement on the part of appellants to insure the Town of Vernon with workmen's compensation and liability insurance.

It has been held that when one voluntarily assumes a duty he is bound to perform it with care, and if done negligently, he is liable for damage resulting from such negligence. Stauffer Chemical Co. v. Brunson, 380 F.2d 174; Sioux City and New Orleans Barge Lines v. Brunson, 243 F.Supp. 198; Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231; H. H. Parker & Bro. v. Hodgson, 172 Ala. 632, 55 So. 818; 55 A.L.R. 1231.

By the same token, if one gratuitously assumes the duty of obtaining insurance for another, such person has a lawful right to have the courts determine by declaratory judgment whether or not his efforts ripened into a lawful contract of insurance.

While the prayer of petitioner's complaint does not specifically pray for an ad-

judication as to whether or not the efforts of petitioner ripened into a valid contract of insurance that covered the Town of Vernon with workmen's compensation liability insurance, we think such an adjudication was available under the general prayer for relief. After all, that was the primary purpose of the bill as we view the allegations.

Once that duty of obtaining insurance was performed, petitioner would have no interest in an adjudication that the defendants be required to defend the alleged suit of Mrs. Langley against the Town of Vernon. In our judgment, the performance of such duty to defend would be subject to the decision of the Town of Vernon.

We have serious doubts that the answer of the Town of Vernon is a cross bill, but even so, no copy was served upon appellants and they are not bound thereby. They did not file an answer; no decree pro confesso was in order or requested. We pretermit deciding whether or not the answer is a cross bill.

Even though the petitioner was within his lawful rights in seeking to compel the appellants to defend the suit of Mrs. Langley against the Town of Vernon, the trial court did not so order. Instead, the court in the suit of Mrs. Langley (1598), on February 17, 1966, entered a judgment against the Town. On February 18, 1966 —one day later—the court entered a final decree for petitioner Perkins. If the trial court intended that appellants defend the Town of Vernon against the suit of Mrs. Langley, it foreclosed such defense by entering judgment for Mrs. Langley against the Town, which, as we have noted, was one day before the final decree in the Perkins' petition.

The trial court, in its final decree in the Perkins' case, fastened liability on appellants for payment of the judgment and costs which it entered the day before in favor of Mrs. Langley against the Town of Vernon.

 We think such adjudication for payment of the Langley judgment was be-

yond the scope of petitioner Perkins' complaint (as amended) and was not responsive to the issues therein presented. The court will not permit a bill framed for one purpose to answer for another if the defendant would be taken by surprise and prejudiced by so doing. Wade v. Brantley and Crawley Construction Co., 230 Ala. 345, 161 So. 101(18). Relief granted by the general prayer must be in accord with the case made by the bill. Northcutt v. Northcutt, 262 Ala. 98, 77 So.2d 336(18).

We do not imply that a moneyed decree judgment against the insurer, whether prayed for or not, may be rendered in equity on a bill for declaratory judgment wherein the complainant prays for a declaration that the insurer is liable to defend and liable to pay any judgment that may be recovered in an action for workmen's compensation benefits. Whether Sec. 12 of Title 28, Code 1940, has application is not argued and is not clear.

This court, in the case of Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46, on a question certified by the Court of Appeals, held that a verdict for money and a judgment therefor not responsive to the complaint (in detinue) and foreign to the cause of action is invalid; that a money judgment upon a complaint in detinue is as inconsistent as a judgment in ejectment on a complaint in assumpsit. We held that the error was fatal to affirmance. The Court of Appeals reversed and remanded on certification. Kirkland v. Pilcher, 2 Ala.App. 672, 57 So. 49.

We hold that the decree in the Perkins' suit No. 2295 is not void, but only invalid and erroneous and will support an appeal. Pilcher v. Kirkland, supra. See also Haden v. Lee's Mobile Homes, Inc., 41 Ala.App. 376, 136 So.2d 912(4), cert. den. 273 Ala. 708, 136 So.2d 920, wherein it was said:

"It is apparent therefore that the 'Judgment' entered at the conclusion of the court's findings was erroneous. While at first we thought that the judgment was void, we have now concluded that such judgment is only invalid and

erroneous, in light of Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46, and therefore will support an appeal."

The final decree in said cause No. 2295, supra, being invalid and erroneous, it is reversed and the cause remanded.

The petitions for alternative writs of mandamus filed by appellants are denied.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded. Petitions for alternative writs of mandamus denied.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.