262 So.2d 283

**DIXIE AUTO INSURANCE COMPANY,**
**a Corporation**

**v.**

**Robert P. STEELE, Jr., et al.**

**6 Div. 869.**

Supreme Court of Alabama.

May 11, 1972.

**460**

McDaniel, Hall & Parsons, Birmingham, for appellant.

Windham, Perdue, Johnson & Bryan, Birmingham, for appellees Donna Kay Shaw, Mrs. Mabel Shaw, John Walton, Robert Lewis Walton, Clayton Brasher and Felix Lee Brasher.

Joseph S. Mead, Birmingham, for appellee Wallace Watson, d/b/a All Coverage Ins. Co.

**HEFLIN, Chief Justice.**

This is an appeal by the appellant-complainant Dixie Auto Insurance Company, a corporation, from a final decree in a declaratory judgment action brought against appellee-respondent Robert P. Steele, Jr. and other appellees-respondents, including the plaintiffs in six lawsuits (who claimed damages for either personal injury or loss of services filed in the Bessemer Division of the Circuit Court of Jefferson County on behalf of certain passengers who were riding in Steele's automobile at the time it collided with a railroad crossing signal in Shelby County on February 28, 1967), All Risk Insurance Agency, Inc. and Wallace Watson, doing business as All Coverage Insurance Agency, Inc. (herein referred to as "All Coverage Insurance Agency" or "All Coverage"). The final decree declared automobile liability insurance coverage under an oral binder of insurance between appel-lant Dixie Auto Insurance Company and appellee Steele in force and effect at the time of the collision.

The appellant contends All Coverage Insurance Agency is a broker that solicits insurance contracts for various insurance companies and agencies; some of their accounts allow them to bind coverage personally, but as between All Coverage Insurance Agency and All Risk Insurance Agency, All Coverage acted strictly as a broker or solicitor with All Risk Insurance Agency, and All Risk Insurance Agency either accepts or rejects the applications. All Risk Insurance Agency is the general agent for Dixie Auto Insurance Company. The appellant further contends that All Risk Insurance Agency does not personally solicit contracts but rather depends on brokers like All Coverage Insurance Agency for such solicitations.

On February 27, 1967, Robert Steele, Jr., while endeavoring to finance the purchase of a used Pontiac Tempest through Guardian Discount Company which would not finalize the arrangements until he had acquired physical damage insurance coverage, sought full automobile insurance coverage at the office of All Coverage Insurance Agency in Bessemer, Alabama. Mrs. Mary Elizabeth Pack, General Manager of All Coverage Insurance Agency, quoted Mr. Steele a premium of $250.00 for comprehensive and collision coverage and $184.00 for liability coverage, stating the total down payment for this coverage was $109.00. Having only $31.00, Robert Steele, Jr. paid this and told Mrs. Pack he would come back the next day to pay an additional amount or the rest of the down payment. In the presence of Mr. Steele, Mrs. Pack then telephoned Mr. Douglas Long, an underwriter for All Risk Insurance Agency, Inc., giving him credit information concerning Steele and requesting full coverage. Mr. Long bound full coverage, both physical damage and liability, orally, over the phone to Mrs. Pack, who then told Mr. Steele he was fully covered. After Mrs. Pack called Guardian

Discount to verify the physical damage coverage, Robert Steele left All Coverage's office.

The next morning, Saturday, February 28, 1967, Mrs. Pack of All Coverage Insurance Agency received a call from a lady who identified herself as the mother of Robert Steele, Jr. This lady told Mrs. Pack "they (without identifying who 'they' were) had discussed the cost of insurance the night before and decided that Robert Steele could not afford the cost of liability coverage." This lady then requested that the liability coverage be dropped. Mrs. Pack, on the same Saturday morning, then called Mr. Long of All Risk Insurance Agency, Inc., and relayed the conversation with the lady to him. He responded that he would cancel the liability coverage and not issue a written binder on it.

Several days later, a man identifying himself as Steele's father notified Mrs. Pack at All Coverage Insurance Agency of the accident, telling her the garage where the wrecked car was located and requesting that an adjuster be sent to take care of it. The father did not make any inquiry about what kind of insurance Robert Steele, Jr., had.

About a week or ten days after the accident, Robert Steele, Jr. inquired about certain hospital bills at Mrs. Pack's office. Mrs. Pack testified, when she told appellee Steele that his mother had "called in" and cancelled his liability coverage on the morning of the next day following the oral binding, "that he threw a fit and said his mother had no right to cancel his insurance and that he had better have liability coverage".

The appellant raises two assignments of error which aver (1) the trial court erred in its final decree in declaring that Dixie Auto Insurance Company, through its general agent, All Risk Insurance Agency, Inc., was obligated to furnish liability coverage to appellee Steele, with respect to the accident occurring February 28, 1967, and (2) the trial court erred in declaring that

All Coverage Insurance Agency was not liable to any party in the cause.

The case having been brought in equity and the evidence having been received ore tenus binds this Court to follow the rule that strong presumptions are indulged in favor of the correctness of the final decree and such presumptions are only overcome when it is apparent from the evidence that the judge's decree is palpably wrong and unjust. Consolidated Underwriters Insurance Company v. Landers, 285 Ala. 677, 235 So.2d 818; Rogers v. Lumbermans Mutual Casualty Company, 271 Ala. 348, 124 So.2d 70.

The appellant initially contends that All Coverage Insurance Agency had express authority to cancel the liability coverage by virtue of provisions of a premium finance agreement which Robert Steele, Jr. entered into with the Easy-Way Division of Southern Management Corporation of Delaware (herein referred to as "Easy-Way"). Among the provisions of said premium finance agreement was one whereby Steele appointed Easy-Way or the bearer his attorney-in-fact, with full authority, to cancel the policy of insurance in the event of default in the payment of any premium installment. The premium finance agreement recited that the total premium was $426.00 with a down payment of $101.00 and the remainder payable in ten monthly installments of $34.94 each, which installments included the balance of the premium plus a service charge. The appellant contends since the appellee Steele failed to pay any more on the down payment (having paid only $31.00) contrary to his oral promise, this constituted a default and therefore, the provisions of the premium finance agreement authorized the bearer (appellee contended All Coverage Insurance Agency was the bearer) to cancel for such default in payment. However, there was no evidence that any information about non-payment was communicated to All Risk Insurance Agency by All Coverage before the collision. In fact, Mr. Long testified that the liability policy would have

been written in keeping with the oral binder except for the telephone call from Mrs. Pack which related that Steele's mother had phoned her. Mrs. Pack at no time testified that she attempted to have the liability coverage cancelled with reference to default in payment prior to the accident, but testified that she made no emphasis to Steele that he must pay the balance of the down payment the following day or his liability coverage would be deleted. Besides this, the day had not expired when the collision occurred so there could have been no default. Clearly this position of the appellant is without merit. Since this contention can be dismissed on an evidentiary evaluation, this Court pretermits any determination of the legality of such purported power of attorney.

 Next, the appellant contends that All Coverage Insurance Agency was Steele's agent. Appellant (Dixie Auto Insurance Company) contends that All Coverage Insurance Agency was not its agent or the agent of All Risk Insurance Agency (Dixie's general agent) but was a broker and that by apparent authority All Coverage Insurance Agency was Steele's agent in accordance with ordinary usages of insurance business. Therefore appellant further contends that All Coverage Insurance Agency had the authority to cancel and to take any and all incidental action that ordinarily accompany the acquisition and modification of a new insurance contract. This Court feels that there was evidence in the case under review which supports the unfavorable determination by the trial court of appellant's position on this issue. See Consolidated Underwriters Insurance Company v. Landers, supra, for an analogous holding from somewhat similar evidence.

Appellant does not argue the question of whether or not an oral binder was given for both comprehensive and liability coverage, therefore, this is not an issue before the Court. In connection with whether or not the Saturday morning telephone calls constituted a valid modification of the oral binder is, of course, an issue.

This Court has held that parties to contracts of insurance may, at their pleasure, alter, modify or rescind contracts, so long as the same is supported by their mutual consent. General Insurance Company of America v. Killen, 270 Ala. 604, 120 So.2d 887. Thus, there was a question before the trial court as to whether or not insured Steele consented to the deletion of liability coverage.

 Under the facts of the case, both Mrs. Pack of All Coverage Insurance Agency and Mr. Long of All Risk Insurance Agency, knew that Robert Steele was over twenty-one years of age. The only way the woman who stated she was the mother of Robert Steele could have effectively consented to the alteration was as the agent for Robert Steele. It is settled law that a party who claims the relationship of principal and agent has the burden of proving the agency. Capital Security Company v. Owen, 196 Ala. 385, 72 So. 8; Owens v. Wood, 43 Ala.App. 366, 190 So. 2d 734. The relationship of parent and child does not in itself establish the fact of agency. Winfrey v. Austin, 260 Ala. 439, 71 So.2d 15.

Mrs. Pack testified she knew no member of the Steele family prior to Robert Steele coming to the office on February 27, 1967, so unquestionably she could not have recognized the voice of Steele's mother. It would further appear from the evidence Mrs. Pack did no more than advise Mr. Long of the conversation and Mr. Long made the decision concerning the deletion of the liability coverage. So acting, he did so with full knowledge that the call was from a woman who identified herself as the insured's mother and not the act of the insured. This Court feels that it cannot reverse the trial court under the evidence of this case, particularly since there was no evidence of the authorization of the lady as Steele's agent.

 Appellant's next contention is that the trial court erred in finding that All Coverage Insurance Agency was not

**464**

liable to anybody in the cause. An appellant-complainant in a declaratory judgment action may not seek a reversal of the trial court's decree by asserting that one appellee-respondent should have been held liable to a second appellee-respondent instead of the appellant-complainant in the absence of a cross-bill by such second respondent or a cross-appeal by such second appellee. Clark v. Exchange Insurance Association, 276 Ala. 334, 161 So.2d 817; Vise v. Perkins, 284 Ala. 119, 222 So.2d 705. Reid v. City of Birmingham, 274 Ala. 629, 150 So. 2d 735. It is significant that Robert Steele, Jr. never at any time sought any relief against All Coverage Insurance Agency even for the contingency that the policy of insurance with Dixie Auto Insurance was ineffective for any reason, as appellant was seeking to establish in the case. In connection with any liability of All Coverage Insurance Agency to Dixie Auto Insurance Company or to All Risk Insurance Agency, the trial court could have found that All Coverage Insurance Agency was a sub-agent of All Risk Insurance Agency under the rationale of Consolidated Underwriters Insurance Co. v. Landers, supra, and the facts of this case instead of an independent broker. The trial court could also have found that Mrs. Pack accurately relayed the Saturday morning message from the lady who identified herself as Steele's mother to Mr. Long and that Mr. Long made the decision. In doing so, Mrs. Pack fulfilled her duty and obligation as required by a subagent or solicitor. Crumpton v. Pilgrim Health & Life Insurance Co., 35 Ala.App. 363, 46 So.2d 848.

Indulging all reasonable presumptions in favor of the trial court's final decree, this Court cannot say that it was palpably wrong.

Affirmed.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.